## SUPREME COURT.

### BANTES agt. BRADY AND OTHERS.

Where the facts of a case, which involve among others, the existence of a co-partnership, is referred, and the referee reports that there is sufficient evidence to establish the co-partnership, the party in whose favor the report is made cannot file the report without notice, and enter an order dissolving the co-partnership and direct an accounting. Such an order is not a judgment under the Code.

*Notice* should be given of the time and place of presenting the report to the court, and the nature of the order asked for.

*Dutchess Special Term, May,* 1853. The suit was commenced for the purpose of dissolving a copartnership and settling its affairs. Some of the defendants denied the existence of the copartnership and took issue upon certain other facts. The cause was referred to a referee to hear and decide the issues of fact and report thereon. The parties met before the referee and put in their testimony touching the existence of the part-

nership. The defendants' counsel then moved for a dismissal of the complaint on the ground that no partnership was proved. This motion having been argued at length was taken into consideration and afterwards decided by the referee in favor of the plaintiff. The referee made a report upon that question and stated that the partnership was proved and an account ought to be taken.

The plaintiff filed the report, and without notice, entered an order dissolving the copartnership and directing an account to be taken. Defendants now move to set aside the report and order as irregular.

W. S. ROWLAND, *for Defendants.*

JOHN GRAHAM, *for Plaintiff.*

BARCULO, Justice.—This is an equitable suit, to which the rules applicable to common law proceedings cannot be conveniently applied. The cause was improperly referred *generally,* instead of being referred to enquire into a specific fact; but the parties, in some degree, remedied the mistake by adopting the natural order of things in taking their proof, and having the question of the existence of the copartnership first determined. The referee was undoubtedly correct in reporting upon the issue thus submitted to him, before proceeding to further evidence, whether the parties consented to that course or not; for the absurdity of attempting to take an account of a copartnership business—when its very existence and terms and extent are unascertained—is apparent from the bare statement of the case.

But I think the plaintiff was irregular in taking his order of course. He is mistaken in supposing that it is a judgment under the Code, which may be thus entered upon the report of a referee. This order is not a judgment in any sense of that term. The proper practice required the plaintiff, on obtaining the report, to give notice to his adversary of the time and place of presenting the report to the court, and the nature of the order which would then be moved for. The court could then understandingly order an accounting and appoint a referee for that purpose.

For this reason the order must be vacated, with leave to the plaintiff to move upon the report on due notice. The residue of the motion is denied. No costs are awarded.