By the Court.—Sedgwick, J.
The statement of the proceedings discloses that numerons and novel matters of practice are involved. The referee to hear and determine proceeded so far as to determine that the plaintiff was entitled to an accounting as to certain matters. Whether he might have proceeded to the accounting without a further order (Ludington v. Taft, 10 Barb. 447), or whether the referee should have re *108 ported as he did, and then an interlocutory judgment have been moved upon notice (Bantes v. Brady, 8 How. Pr. 216), or whether the order entered should have been made ex parte, or whether the appellant, if he be aggrieved by that, should not have before appealing moved to set it aside, or whether, in fact, the so called interlocutory judgment is anything more than an order directing the referee to do what by the first order of reference he was ordered to do, are questions "which have not been brought before the court on this appeal by counsel for either side,—for the reason, it must be-supposed, that if they are not immaterial, the counsel do not wish that the decision of the appeal should turn upon them.
The only points that the appellant’s counsel present on the argument, and that concern the former practice of the proceeding, are two. It is submitted, first, that the referee has failed to order any judgment in his report, as required by law and section 1,022 of the Code of Civil Procedure. I do not see that this is correct, in view of the report “that the defendant should be ordered and adjudged to account, &c.” This certainly is a judgment directed, and if the objection be, that the referee should have proceeded to the accounting and determined if anything were due, the appellant is not harmed, because the order appealed from directs no more than that he shall do so. It is here to be noticed, that the order appealed from, as drafted by plaintiff’s attorney, does not adjudge that the defendant is bound to account, or that the plaintiff is entitled to an account, but it is adjudged, &c., “ that it be referred to the same referee to take account, &c.” So far as an adjudication of the lights of the plaintiff is concerned, this is not a determination that the reference is to proceed because the defendant is liable to account. Ho objection is taken to the order on this ground. The second point is that the court below exceeded “its *109 powers in the judgment entered,” in ordering or decreeing more than a simple judgment, that the defendant account for the profits, &c. The excess, thus objected to, is no more than a description in detail of the correct manner of proceeding in an account. If the order had directed an accounting or an accounting in the usual manner, the referee would have been bound to do as described by the order entered (Wiggins v. Gans, 4 San. 646).
The respondent’s counsel does not claim that the order is not appealable, but that as this is an appeal from an interlocutory judgment, it, by section 1,353, Code of Civil Procedure, must be heard upon a certified copy of the notice of appeal and of the papers used before the court or the judge upon the hearing of the demurrer, application for judgment or motion as the ease requires.” In this case, I prefer not to pass upon this point, applied, as it is, to a court entering a form of judgment, which perhaps might have been entered by the clerk, immediately upon the referee’s report. An examination of the question involves .the construction of several new sections of the Code, as to which the views of counsel were not presented. Both sides have treated the order as if it were an interlocutory judgment, and have joined in the settlement of a case containing the exceptions, and sections 1,349-and 1,350 clearly intend that such exceptions may be heard upon the appeal from the interlocutory judgment (§ 1,336). The merits will therefore be examined.
There were exceptions taken, particularly those that relate to the contents of letters not produced, which might call for decision, if it did not appear, that the facts, without resort to the matters admitted under these exceptions, sustained the conclusion of the referee.
The question was simply whether the defendant received from the Church Journal money which he *110 should, under his agreement with plaintiff, or by reason of his relation to plaintiff, have accounted for and paid over to him.
The answer admitted certain important facts. It admitted that the agreement was that the defendant should manage and superintend the plaintiff’s business, and that defendant should be left in undisputed control of the business. It denied that he agreed to give all his time and talent, but the referee found, on sufficient evidence, that he did so agree. It alleged that the proprietor of the Church Journal applied to the defendant to print that journal, and that defendant immediately, conveyed such proposal to the plaintiff, who declined it. The referee found that such was not the fact. The answer asserted that the plaintiff knew that the defendant was printing the Church Journal, The referee found that the plaintiff was ignorant of this.
The answer admitted that the defendant agreed to and did print, on his own account, the Church Journal in the same building where plaintiff’s printing office was, and that he was in the habit of using plaintiff’s type in printing the Church Journal; and stated in explanation of this, that he used the type of the Church Journal to a greater extent on work done by the plaintiff. The publisher of the Church Journal during the time the defendant printed it, testified that he did not know of any printing material belonging to the Church Journal, except the mail list and the heading of the paper; that it did not have any type or any materials used in printing, and never owned a stick of type. There was proof of the agreement that the defendant should do the type-setting for the Church Journal, and the bills paid to defendant for that averaged $100 a week. There were matters given in evidence which called for explanation from the defendant, but he gave none, and offered no testimony in his own behalf.
*111 On this testimony, I am of opinion that the referee was right in considering that the defendant was bound to do the business of the Church Journal for the plaintiff and not for himself. Indeed the only difference between that and the avowed business for plaintiff, was that he wrongfully did it in his own name. For aught that appears in the case, he might as well claim a right at his option to do for himself, and not for the plaintiff, any other piece of business that offered itself at the plaintiff’s printing office.
The interlocutory judgment should be affirmed with costs, and the reference directed by it should proceed.
Speir, J., concurred.