## SUPREME COURT.

In the Matter of the ATTORNEY-GENERAL agt. THE CONTINENTAL LIFE INSURANCE COMPANY

*Reference — Mode of review of a referee's report — Practice in cases in which a referee is not to decide, but is simply empowered to take the evidence and report his opinion.*

There is no necessity for filing exceptions to a report of a referee who is appointed to take the evidence and report his opinion upon a claim made against an insolvent insurance company.

The thirtieth rule of the court, as to the necessity of filing exceptions to a referee's report, has no application to a reference of this nature and character. It is only to a reference which empowers a referee to decide questions between parties that the rule is applicable, and it cannot foreclose the court from passing upon matters which such court only has power to determine.

Matter of Attorney-General agt. Continental Life Insurance Co.

*Ulster Special Term, March,* 1882.

MOTION in behalf of the attorney-general to file exceptions to the report of Charles H. Winfield, as referee, recommending the allowance and payment to John J. Anderson, a former receiver of the defendant, of a claim for services as such receiver and counsel fees.

*John C. Keeler,* deputy attorney-general, for motion.

*A. Schoonmaker,* opposed.

WESTBROOK, *J.* — The present receiver of the Continental Life Insurance Company, Mr. John P. O'Neil, was appointed in a proceeding instituted by the then attorney-general of this state, Mr. Charles S. Fairchild, under and in pursuance of chapter 463 of the Laws of 1853, entitled, "An act to provide for the incorporation of life and health insurance companies, and in relation to agencies of such companies."

Previous to such application by the attorney-general an action had been brought in the second judicial district by Mr. John O. Hoyt, a stockholder of the corporation, in behalf of himself and all other stockholders, to dissolve the same and distribute its assets. That action had proceeded to judgment, and Mr. Anderson had been appointed receiver therein, and acted as such for several months, at the expiration of which time Mr. William R. Grace was appointed, at a term of the supreme court, held in the second district by one of its judges, to supersede him.

Upon the final hearing of the application of the attorney-general for the appointment of a receiver, upon his application, the only objection made thereto was, that a receiver of the corporation had already been appointed in the second district in the Hoyt action, and that, therefore, the proceeding of the attorney-general was unauthorized. The same objection had been previously made at the very commence-

ment of the attorney-general's application, and had been over-ruled by the special term, Mr. justice OSBORN presiding, and on an appeal to the general term of this court, in the third department, the decision of the special term, overruling the objections, founded upon the appointment of a receiver in the Hoyt action, was sustained. An appeal from the decision of the general term, taken by the corporation to the court of appeals, was dismissed upon the ground that the order was not appealable. The question presented was a new and important one, and because of its novelty and importance, though the decision of a previous special term and of the general term of this court would have justified the court upon the application for the final order in summarily overruling it, the judge (myself) then presiding carefully considered it, and upon granting the motion of the attorney-general wrote an opinion, which will be found in 53 *Howard's Practice Reports* (*pages* 16, *&c.*, *&c.*), declaring the mode of closing a life insurance company as required by statute.

The order appointing Mr. O'Neil receiver in the proceeding initiated by the state, through its law officer, was not reviewed by appeal, but was acquiesced in, and Mr. Grace, the successor of Mr. Anderson as receiver, appointed in the Hoyt action, surrendered the assets of the corporation to Mr. O'Neil, the receiver appointed upon the attorney-general's application.

After Mr. O'Neil had been appointed receiver, Mr. John J. Anderson, who was the first appointee in the Hoyt action, petitioned this court to compensate him for service in that capacity, and to reimburse him for advances to counsel employed by him in the execution of his trust. This petition was resisted by the receiver, and by the counsel of various intervening policyholders, and as it involved a very long and tedious examination of the trust whilst in the hands of Mr. Anderson, which it was impossible for the judge holding the term, for want of time, to conduct, the whole matter was referred, on the motion of the then attorney-general, Mr.

Augustus Schoonmaker, to Mr. Charles H. Winfield, a very competent and intelligent lawyer, to take the evidence, and report the same, together with his opinion thereon to the court.

The reference to Mr. Winfield occupied more than a year. An immense amount of evidence, both documentary and oral, was taken, and on the 14th day of July, 1881, the report of the referee was filed, by which the payment to Mr. Anderson of $13,000, for his services as receiver is recommended, and for disbursements or liabilities to counsel as follows : To Mr. Robert Sewell $10,000, to Mr. John L. Hill $3,750, and to Mr. George W. Miller $1,500. In addition to these, the referee, without any recommendation upon the subject, submits to the court, the question, whether or not Mr. Anderson should be allowed interest upon such $13,000 from the date of the order making the reference, which was September 22, 1877.

A copy of Mr. Winfield's report was served upon the representative of the then attorney-general on the said 14th day of July, 1881, to which no exceptions have as yet been served or filed by the attorney-general, though the various parties intervening, and also the receiver have excepted thereto. The present attorney-general, Mr. Russell, asks permission to file and serve such exceptions now, as the attorneys for Mr. Anderson have refused to receive them.

The motion of the attorney-general is resisted upon the thirtieth rule of the court, which provides : " In references other than for trial of the issues in an action, or for computing the amount due in foreclosure cases, the testimony of the witnesses shall be signed by them, and the report of the referee shall be filed with the testimony; and a note of the day of the filing shall be entered by the clerk in the proper book, under the title of the cause or proceeding, and the said report shall become absolute, and stand as in all things confirmed, unless, exceptions thereto are filed and served within eight days after service of notice of the filing of the same.

If exceptions are filed and served within such time, the same may be brought to a hearing at any special term thereafter on the notice of any party interested therein."

The answers to this objection are, in brief, these:

*First.* The rule has no application to a reference of the nature and character of the one to which it is sought to be applied. Mr. Winfield was not authorized to decide anything, nor could he have been. The application was to the court, as the trustee of the assets of the association, which it was administering through a receiver, for the payment of an alleged valid claim. Before ordering its payment, the judgment of the court must be convinced of its justice, and such judgment it cannot, and should not, surrender to the opinion of anyone. It may call for advice and evidence through the medium of a referee, but it must carefully examine and consider both the evidence and advice, and then pronounce and follow its own conclusion thereon.

This view of the rule is clear from its language. It declares, if exceptions are not filed, " the said report shall become absolute, and stand as in 'all things confirmed." To a mere advisory report such words are inapplicable, for if it is made " absolute," and is " confirmed," no more is established than there was before, and that is, that the referee has made a recommendation and submitted it to the court, with the evidence upon which it is based, leaving the tribunal, which he advises, to act according to its own conscience and judgment. It is only to a reference which empowers a referee to decide questions between parties that the rule is applicable, and it cannot foreclose the court from passing upon matters which such court only has power to determine.

*Second.* Even though the construction just put upon the rule be unsound, still, in the exercise of a sound discretion, the present application should be granted.

The questions to be presented are very important, and involve over $30,000 to an estate in the hands of the court for distribution. The attorney-general is really the legal

adviser, the *amicus curiæ* of the court in the discharge of its duties. As the representative of the people, in the execution of a great trust, and not as the counsel of any party in interest, he entertains views which he desires to submit in a formal and legal manner, in the discharge of his official duties. Unless the court is prepared to ignore the official position of the applicant, and upon a mere technicality debar the law officer of the State from being heard upon questions in regard to which it needs all obtainable light, then this motion should be granted. Whilst, generally, rules should be followed by courts, yet they are not obligatory (*People ex rel. &c.* agt. *Nichols,* 79 *N. Y.,* 582). In the present case, sound discretion and public policy alike require that this application should prevail. As already intimated, there is no necessity for the filing and service of exceptions, but as the attorney-general, for greater caution, asks permission so to do, and as such filing and service will place on record his views, leave to do so must be granted.

It is, perhaps, proper to add that nothing in this opinion contained should be construed as reflecting upon the integrity and propriety of Mr. Anderson's claim for services and for counsel fees. Of their merit nothing is known by the court, for neither the report nor the evidence has been examined. Upon the hearing, soon to take place, they will be patiently and carefully considered; but upon such hearing the attorney-general should be permitted to enlighten the judgment and conscience of the court, and the order now made will simply give him that opportunity.