Charles G. Doremus, Plaintiff, *v.* Arieanna M. Doremus, Individually and as Executrix, etc., of Peter C. Doremus, Deceased, and Others, Defendants.

76  337
37ap145

76  337
40ap 96
76h    337
67 AD¹621

*Reference to take evidence and report — exceptions of no avail — rule 30 — objections to the confirmation of the report.*

Exceptions to a report, made pursuant to a reference to take evidence and report it to the court with the opinion of the referee thereon, are unavailing. The exceptions can be taken only to the determination of some court or officer having power to decide the question, the decision of which is challenged.

Under a reference to take evidence it is the duty of the court to determine the facts and the law, and exceptions must be filed to its decision in order to bring anything up for review.

The thirtieth rule of the court as to the necessity of filing exceptions to a referee's report does not apply to a reference of this nature.

Where a reference of this nature is made, the confirming of the report at Special Term may be resisted upon any grounds appearing in the report without exceptions being filed; when the questions of law and fact have been determined at Special Term exceptions must be filed to such determinations if they are sought to be reviewed.

Appeal by George Bliss and William T. Schley, claimants, from an order made at the New York Special Term and entered in the

office of the clerk of the county of New York on the 7th day of December, 1893, resettling the order entered in this action on the 22d day of November, 1893, confirming the report of a referee, and directing distribution of the moneys deposited with the chamberlain of the city of New York to the use of the plaintiff.

*Bliss & Schley*, claimants, in person appellants.

*Theodore II. Silkman*, for the respondents.

PER CURIAM:

The reference in this case was not to hear and determine, but to take the evidence and report it to the court with the opinion of the referee thereon. Exceptions to such a report are unavailing, as exceptions can be taken only to the determination of some court or officer having power to decide the question the decision of which is challenged. Under this reference it was the duty of the court to determine the facts and the law, and if the determination was unsatisfactory to either party, exceptions should have been filed to its decision. None having been filed and served, the record presents no question for review.

It will be seen from this conclusion that we do not agree with the respondent in his contention that it was necessary to file exceptions to the report of the referee, and that the failure to so file them would after eight days result in the confirmation of the report. As correctly stated in *The Matter of the Atty.-Gen.* v. *Continental Life Ins. Co.* (64 How. Pr. 93): "The 30th rule of the court as to the necessity of filing exceptions to a referee's report has no application to a reference of this nature and character. It is only to a reference which empowers a referee to decide questions between parties that the rule is applicable, and it cannot foreclose the court from passing upon matters which such court only has power to determine."

The motion to confirm the report could be resisted at Special Term upon any grounds appearing in the record, without exceptions having been filed to the report; but after the questions of fact and of law had been finally determined by the Special Term, exceptions should have been filed in order to successfully challenge the decision.

Hun.]          FIRST DEPARTMENT, FEBRUARY TERM, 1894.

Our conclusion is that the order should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.