the relator has no pecuniary or personal interest in the performance of such duties. People v. Daley, 37 Hun, 461; People v. Meakim, 56 Hun, 626, 10 N. Y. Supp. 161, affirmed in 123 N. Y. 660, 26 N. E. 749; People v. Board of Trustees of Village of Whitestone, 71 Hun, 188, 24 N. Y. Supp. 532; People v. Richmond, 5 Misc. Rep. 26, 25 N. Y. Supp. 144.

The defense that the claimant has received pay on the order is no defense to this proceeding. When the question arises whether a further sum can be recovered by the relator, the effect of the acceptance by him of the order will be a question to be considered.

The refusal of the defendants to audit this account as provided by law seems to be without excuse. The members of the board do not urge that they were ignorant of the provisions of the statute, nor do they set forth any reason for disobeying it.

The order should be reversed, with costs, and the motion granted commanding the board to reassemble and reaudit the account as provided by the section, with $50 costs and disbursements, payable by the defendants to the relator. All concur, except WARD, J., not voting.

---

### In re BUFFALO ICE CO.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1899.)

REPORT OF REFEREE—EXCEPTION TO CONFIRMATION—REVIEW.

The decision of the court on the report of a referee cannot be reviewed, where exceptions have not been taken and filed to the part of the decision complained of.

Appeal from special term.

Proceeding in the voluntary dissolution of the Buffalo Ice Company. From a part of an order of special term confirming in part, and refusing to confirm in part, a referee's report, the Silver Lake Railway Company and others appeal. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and McLENNAN, JJ.

J. H. Metcalf, for appellants.

Charles F. Tabor and Henry Chase, for respondents.

FOLLETT, J. In an action brought for the dissolution of the Buffalo Ice Company, a domestic corporation, William P. Taylor was, December 22, 1897, appointed temporary receiver of the corporation, and by the final judgment, entered May 5, 1898, declaring the corporation dissolved, he was continued as permanent receiver. By an order granted June 1, 1898, pursuant to section 1807 of the Code of Civil Procedure, the creditors of the corporation were required to exhibit and prove their claims before a referee appointed "to take proof of all claims in dispute against the Buffalo Ice Company, and report to this court upon the same." Various claimants, including the respondents herein, appeared before the referee, and evidence was taken for and against the various claims. August 4, 1898, the referee duly made and filed his report; and August 15, 1898, a motion was made by the

receiver for its confirmation, which was decided by an order granted September 7, 1898, confirming the report in part and refusing to confirm it in part. From part of this order this appeal is taken. The referee reported adversely to the claim of S. C. Briggs, and to the claim of A. J. and S. C. Briggs. Neither of the appellants filed exceptions to the parts of the referee's report disallowing these claims, for the reason that it was in their favor in respect to the questions sought to be presented by this appeal. The special term overruled the report of the referee in respect to the claims of S. C. Briggs and of A. J. and S. C. Briggs, and ordered that $450 be allowed S. C. Briggs as a preferred claim, and that $197 be allowed him as a preferred claim, which was one-half of the claim of A. J. and S. C. Briggs. Neither of the appellants filed exceptions to the decision of the special term. Only the special term had power to determine the issues involved, and, in order to enable a dissatisfied litigant to review questions decided by the special term, exceptions should have been taken and filed to the parts of its decision sought to be reviewed. Having failed to do this, the decision of the special term cannot be reviewed by this court. Attorney General v. Continental Life Ins. Co., 64 How. Prac. 93; Doremus v. Doremus, 76 Hun, 337, 27 N. Y. Supp. 1039. Rule 30 of the general rules of practice, adopted December 3, 1895, which took effect January 1, 1896, is a copy of the rule in force when the cases cited were decided, which cases seem decisive of the one at bar.

The order should be affirmed, with a bill of costs in favor of the receiver, and a bill of costs in favor of the other respondents, and against the appellants. All concur, except WARD, J., not voting.