(86 App. Div. 547.)

## In re SWEENEY.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. ATTORNEY—LIEN.

    An attorney has a lien upon the securities of his client, which are in his hands, for services which he has rendered.

2. SAME—RENDITION OF SERVICES.

    On an application by the beneficiary in an insurance policy to compel defendant, an attorney, to deliver up the policy to him, the evidence examined, and *held* to show that defendant was employed by petitioner to prepare proofs of death, etc., and that he therefore had a lien on the policy for his services, and was entitled to retain the same until his fees were paid.

Appeal from Special Term, Orange County.

In the matter of the application of James Sweeney to compel Jeremiah E. Barnes, an attorney, to turn over to him policy No. 67,028 of the Great Eastern Casualty & Indemnity Company of New York. Application granted, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

J. E. Barnes, pro se.

Robert M. Gignoux, for respondent.

HOOKER, J. This is an application by James Sweeney, the beneficiary in a certain policy of insurance, to compel B——, an attorney, to deliver to the petitioner the policy in which he is named as beneficiary. Thomas J. Sweeney, the petitioner's brother, was the insured, and on the 28th day of August sustained injuries in a collision with a railroad train, from which he died the next day. The coroner took possession of the policy of insurance, together with certain other effects belonging to the deceased, and on the 2d day of September delivered the policy to the appellant. A motion was granted at Special Term requiring the appellant to turn over the policy to the petitioner, and from that order the attorney appeals. The attorney refuses to surrender the policy, except on payment of certain fees and charges which he claims he has earned and expended in connection with giving notice to the insurance company of the accident and death, and for proofs of loss which he procured and submitted to the company, upon which the claim was allowed. The petitioner makes the point in this court that the attorney has no lien upon the policy, and that consequently he is withholding it wrongfully, and that the order must be sustained. Such, however, is not the rule. It is the well settled law of this state that an attorney has a lien upon the securities of his client, which are in his hands, for services which he has rendered. In the Matter of H——, an Attorney, 87 N. Y. 521; In the Matter of the Application of Knapp, 85 N. Y. 284; Maxwell v. Cottle, 72 Hun, 529, 25 N. Y. Supp. 635; McKibbin v. Nafis, 76 Hun, 344, 27 N. Y. Supp. 723. The inquiry, therefore, becomes whether the appellant has rendered any services for the petitioner upon his retainer, and whether the services are unpaid.

¶ 1. See Attorney and Client, vol. 5, Cent. Dig. §§ 378, 403.

The affidavit of Mary E. Gracey, sister of the petitioner, was read in support of the motion. She deposes that she is the administratrix of the insured, and that on or about the 4th of September, 1902, one Decker, the coroner, delivered to her the effects of the deceased insured, and that B——, the attorney, was present at the time, and took up the policy of insurance, and said he would take care of it; that she did not then know who was the beneficiary under the policy, and that she did not request the appellant to take any action or do anything in relation to the policy. The petitioner deposes that he resides in the state of Illinois, and is the beneficiary named in the policy; that he met the appellant but once, and that was on the second day following the funeral of his deceased brother, and that the meeting took place in the city in which the appellant maintains his law office; that he did not at any time employ the appellant to collect the amount of the policy, make proof of death, or in any manner whatsoever to represent him. He says, further, that he does not know how the appellant got possession of the policy; that he has demanded its return, which has been refused, except upon payment to the appellant of the sum of $125, which it appears is the appellant's claim for services and disbursements in connection with obtaining an allowance by the insurance company of the claim under the policy. These are the only material facts which appear in the petitioner's moving affidavits. It is admitted that the insurance company has, upon the notification of the accident, and somewhat elaborate proofs of death furnished by the appellant, allowed the claim, and is ready and willing to pay it upon surrender of the policy and release from the beneficiary.

In his own affidavit opposing the motion the appellant recites in detail the services he rendered in obtaining correct and proper proofs of loss, such as the insurance company had indicated to him were necessary for an allowance of the claim under the policy. The services and the disbursements connected therewith are in no way disputed, and appear from his affidavit to have been considerable. He deposes, also, that at the time of the death of the insured one Decker, the coroner, took possession of the effects of the deceased, pending the appointment of an administrator; that among these effects was the policy in question; and on the 2d day of September, 1902, the petitioner and his sister, Mary E. Gracey, came to his office, and that there, in the presence of himself, the petitioner, and one Frank Fuller, the coroner delivered to Mary E. Gracey the effects of the deceased, among which was the policy of insurance; and that James Sweeney and Mary E. Gracey at that time directed deponent to prepare final proof of death, take all necessary proceedings, and incur all necessary expenses, and that they would see that deponent was reimbursed for his time and expenses. Appellant also presents the affidavits of Decker, the coroner, who delivered the policy, and of Frank Fuller. Each of them deposes that he was in appellant's office at the time the coroner turned over the effects of the deceased to Mary E. Gracey, and that James Sweeney was present at that time—the 2d day of September, 1902; that both of the latter directed the coroner to deliver to the appellant the policy of accident insurance, and that they both instructed appellant to go on and complete proof of claim under the

policy, and they would see that he was reimbursed for his time and expenses in reference to it.   Fuller is particularly emphatic that James Sweeney himself requested the appellant to procure an allowance of the claim under the policy, and assured him that whatever expenses were incurred and services rendered he would pay.   Neither Fuller nor Decker seems to have any interest in this controversy.

We are of the opinion that their affidavits are entitled to much weight.   We think that the character of the evidence adduced in opposition to this motion was such that there is a decided preponderance of proof that the appellant was instructed by Sweeney to perform these services.   No claim is made that the appellant came into the possession of the policy surreptitiously or in a wrongful manner, and his possession of it is strong corroboration of his theory, and the facts which the disinterested witnesses have sworn to.   The affidavits establish the fact that the appellant was employed by James Sweeney, and, in this view of the case, it matters not whether Sweeney or any one else, at the time of the employment, knew who the beneficiary was.   It affirmativly appears that Sweeney did not revoke the appellant's retainer when he was later advised that he himself was named as the beneficiary.   We are not called upon to determine in this proceeding the amount of the attorney's lien.   It appears satisfactorily from the evidence that he has performed services for which he has not been paid, and he therefore has a lien upon the securities in his hands for the payment of his claim, the amount of which will be determined and fixed in the proper proceeding therefor.

The order must therefore be reversed, with costs, and motion denied, with costs.   All concur.