### In re EDWARD NEY CO.

(Supreme Court, Appellate Division, First Department. June 12, 1906.)

1. ATTORNEY AND CLIENT—STATUTORY LIEN—DETERMINATION—ENFORCEMENT.

An attorney's lien on his client's cause of action, claim, or counterclaim, conferred by Code Civ. Proc. § 66, may be determined and enforced by the court on the petition of either the attorney or client.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 425.]

2. SAME—COMMON-LAW LIEN.

Apart from and in addition to an attorney's statutory lien, he has a common-law lien on any papers, securities, or other property delivered to him by his client where no action or proceeding is commenced or pending, and on application of the client the court has inherent authority to determine the lien, and require the attorney to return the property or security on payment of the amount due.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 383, 399–406.]

3. SAME—SUMMARY REMEDIES OF CLIENT—CLAIM OF LIEN.

An attorney can be compelled to surrender property in his hands on which he claims a lien by summary proceedings only when he acquired the property in the course of a professional employment, as distinguished from transactions of a mere business nature, which might be performed by an agent who was not an attorney as well as by an attorney.

4. SAME—ENFORCEMENT OF ATTORNEY'S LIEN—REFERENCE—WHEN PERMISSIBLE—DETERMINATION BY REFEREE.

Whether an attorney's lien be statutory or depending on the common law, the power to determine it summarily rests with the court, and hence it was error to refer such a proceeding to a referee "to hear and determine"; the court being only authorized to refer "to take evidence and report" with a referee's opinion.

Appeal from Special Term, New York County.

Application by Edward Ney Company for the recovery of certain moneys and property from Rudolph Loreck, an attorney. From an order referring the proceeding and the issues to a referee to hear and determine, and, if an accounting be necessary, to take the same, and compel the production of the necessary books and papers, Loreck appeals. Modified and affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Rudolph Loreck, in pro. per.

Philip V. Fennelly, for respondent.

LAUGHLIN, J. According to the points filed by the respondent, this proceeding was instituted against the appellant, not merely for

the purpose of obtaining certain papers belonging to the respondent in the possession of the appellant as its attorney, but to require the appellant to account for the sum of $11,000, which it is claimed he received from the respondent under an agreement by which he was to "attend to the financial end of their business," and collect and disburse its moneys, with a view to tiding it over impending financial embarrassment, in which undertaking it is claimed he utterly failed. If this claim were borne out by the record, it is doubtful whether this proceeding could be maintained, for the inference would be that the money was received by the appellant, not in his professional capacity, but in the course of an employment as an agent in rendering nonprofessional services to the company in its financial management. By virtue of the provisions of section 66 of the Code of Civil Procedure, an attorney is given a lien upon his client's cause of action, claim, or counterclaim from the commencement of the action or special proceeding or service of the counterclaim; and the amount of this lien may be determined and enforced by the court upon petition of either the attorney or client. Apart from the statute, and in addition to this statutory lien, an attorney and counselor also has a common-law lien upon any papers, securities, or other property delivered to him by his client, where no action or proceeding is commenced or pending, and upon the application of the client the court has inherent authority to determine the amount of the lien, and, upon payment thereof or security given, require the attorney to return the property to the client. Matter of Sweeney, 86 App. Div. 547, 83 N. Y. Supp. 680; Matter of H——— (an attorney), 87 N. Y. 521; Matter of Knapp, 85 N. Y. 284; Maxwell v. Cottle, 72 Hun, 529, 25 N. Y. Supp. 635; McKibbon v. Nafis, 76 Hun, 344, 27 N. Y. Supp. 723; Matter of Taylor Iron & Steel Company, 49 N. Y. St. Rep. 645, 20 N. Y. Supp. 746. It does not follow, however, that in all cases this remedy should be adopted. This summary authority over attorneys, given by the common law and conferred by statute, is limited to their professional relations with clients, and does not extend to transactions of a business nature, such as might be performed by an agent who is not an attorney or counselor; and, although the client asserts that the controversy has arisen in the course of professional employment, yet when this is denied by the attorney, the court, if the fact be found as asserted by the attorney, may proceed no further summarily, and the petitioner must be left to his remedy by action. Matter of Dakin, 4 Hill, 42; Matter of Sardy, 47 N. Y. St. Rep. 308, 19 N. Y. Supp. 575; Matter of H——— (an attorney), 87 N. Y. 521.

The moving papers, however, do not bear out the claim made in the respondent's points with respect to the character of the services rendered. It is alleged that the appellant was employed professionally, and that all of the services rendered were of a professional character; that under this employment he collected about $11,000 for the company, for which he has not accounted, and that in the course of the professional services he received a bank passbook, checkbook, and other papers of the company, consisting of its by-laws, minutes of meetings of stockholders, letters mailed and received by the company, bills and accounts, and evidence thereof, six promissory notes, and other papers

of the company, "used and executed at an annual meeting of the stock-holders," being the books and papers the return of which is sought to be compelled by this proceeding. The moving papers also show that the appellant has refused to account for the moneys received, and refused to return the books and papers; that the value of the professional services rendered by him does not exceed $500, and that the respondent has not paid, out of the $11,000 received, to exceed $1,000.

The appellant does not deny that he was employed by the respondent professionally, or that he has in his possession certain papers and documents belonging to it; but he does deny that he has any moneys belonging to the respondent for which he has not accounted, and he claims a lien upon the books and papers in his possession for legal services. The appellant insists that his rights cannot be adjudged summarily, and that the court is without authority to refer the matter, including an accounting, to a referee to hear and determine.

As already observed, there is no doubt but that the court has authority, on the application of a client, to determine summarily the amount of an attorney's lien, and to direct the delivery of the client's papers upon the payment thereof. We are of opinion, however, that the provision of the order authorizing the referee to hear and determine is unwarranted. Whether the lien of an attorney be a statutory lien, or one depending upon the common law, the power to determine it summarily rests with the court; and while the court may refer the matter to a referee to take evidence, or even an account, and report the same with his opinion to assist the court in deciding the questions arising, it cannot delegate the entire matter to the referee for final determination, as was done by the order from which the appeal was taken. We do not think that the client should be required to give an undertaking to pay the expenses of the reference.

The order should therefore be modified by substituting for the words "to hear and determine" the following "to take evidence, and report the same to the court with his opinion thereof," and, as thus modified, affirmed, without costs. All concur.