The evidence of this witness as to the rental value of this mill was duly objected to, and after it was admitted, and it further appeared as to the basis upon which he put the rental value, motion was duly made by counsel for the defendant to strike out the evidence as incompetent and that the witness was not qualified to answer. In my judgment the evidence should not have been admitted, or, if admitted, should have been thereafter stricken out on motion. It was not necessary to prove the rental value of that mill as a mill for the manufacture of glazed cotton wadding. At the time it was handed over to defendant it was fully equipped for the manufacture of knit goods. If the mill from November 12, 1902, to May 8, 1903, had not been wrongfully occupied by the defendant, it could have been used through that period for the manufacture of knit goods, and evidence of its rental value for the manufacture of knit goods would have been more definite and a fairer estimate of the injury done to the plaintiff than any speculation as to what might have been its rental value for the manufacture of glazed cotton wadding. It appears, however, that the witness was basing his evidence of rental value upon the profit to be made. He swears unqualifiedly that he bases it upon the cost of maintenance and a fair return for the money invested. The reason stated by the authorities why the rental value should be taken as the measure of damage expressly excludes this item of proof or a fair return for the money invested as an element of damage because of its uncertainty; so that, while the witness has designated his estimate as rental value, he shows by his testimony that he is giving evidence of fair profit which might have been made, which the law characterizes as too uncertain as a rule of damage. Moreover, it is impossible to conceive how one can estimate the rental value of a mill without knowledge of its water power, nor would it be competent for a witness to base an estimate upon hearsay knowledge of water power, especially when he fails to disclose what the information is upon which he is acting. The learned judge at one time ruled that it was improper for the witness to base his answer upon what had been sworn to by another witness as to what machinery was in the mill, but he allowed the question to be answered without any further evidence as to the witness' knowledge of what machinery was there, and the witness had not been in the mill in 15 years. The defendant may rightfully complain, I think, of a verdict which is allowed to be based upon such evidence. .

The judgment and order should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

(118 App. Div. 342)

### CARTIER v. SPOONER.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

1. ATTORNEY AND CLIENT—ATTORNEY'S COMPENSATION AND LIEN—PETITION TO DETERMINE.

　　Code Civ. Proc. § 66, provides that, the compensation of an attorney is governed by agreement, and that the court on the petition of the client or attorney may determine and enforce the lien. Section 1228 provides that judgments may be entered on the report of a referee, but such sec-

tion appears in title 1, c. 11, entitled "Judgment in an action." *Held*
th:it, where after the collection of money by an attorney the client petitioned for a determination as to whether the attorney had retained a
proper sum, and the order of reference provided. that the referee should
determine the amount due, there was no authority for the entry of a judgment on the report of the referee without application to the court for confirmation.

2. SAME—MISCONDUCT OF ATTORNEY AS OFFICER OF COURT—CONTEMPT.
    Code Civ. Proc. § 14, provides that a court of record has power to punish an attorney for misbehavior in his office. Section 2266 provides that
in a case specified in section 14, a court of record has power to punish as
a contempt a neglect or violation of duty or other misconduct. *Held*, that
the Supreme Court, where an attorney retains moneys collected by him
upon which he has no lien, will enforce payment by dealing with the attorney as for a contempt.

3. JUDGMENT—SETTING ASIDE—LIMITATIONS.
    Code Civ. Proc. § 1282, provides that a motion to set aside a final judgment for irregularity shall not be heard after one year from the filing
of the judgment roll. . Section 1290 provides that a motion to set aside
a final judgment for error in fact not arising on the trial shall not be
heard after two years from the filing of the judgment roll. Section 724
provides that the court may in its discretion and on terms within one
year after notice thereof relieve a party from a judgment taken against
him through his mistake or neglect, etc. *Held* that, where a client petitioned for a determination as to whether the attorney had retained a
proper portion of moneys collected, and a judgment was erroneously entered· on the referee's report without any application to the court for confirmation, the party aggrieved might maintain a petition to set aside the
judgment, irrespective of the limitations imposed by the statutes, since
the entry of the judgment was a nullity, and the court had inherent power
over such judgment.

Appeal from Special Term.

Petition by Emmeline Cartier for an order to compel William R.
Spooner, an attorney at law, to pay to petitioner a sum alleged to have
been collected for her by defendant. Appeal by petitioner from an
order denying her motion to set aside a judgment in favor of defendant.
Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, IN
GRAHAM, CLARKE, and HOUGHTON, JJ.

Leon Lauterstein, for appellant.
William R. Spooner, in pro. per.

HOUGHTON, J.   In April, 1904, the respondent, as attorney for the
petitioner, collected for her from a benevolent life insurance order a
claim of $3,000.   In August following proceedings were begun by.
petition and order to ·show cause to compel the respondent to pay to
the petitioner such money, and $1,963.21 was paid to her, the respondent retaining the sum of $1,036.79 as his fees and disbursements.   The
retention of this sum was not satisfactory to the petitioner, and the
proceeding resulted on the 24th day of February, 1905, in an order of
reference to determine whether or not a proper sum had been retained.
This order of reference provided. that the referee should hear and determine the amount due.   Hearing was had before the referee, and on
his report in favor of respondent, without application to the court for
confirmation, judgment was entered on the 19th day of December,

1905, in the clerk's office of New York county, against petitioner for $913.10, referee's and stenographer's fees, and execution directed thereon. On the 1st day of March, 1906, petitioner moved to set aside such report, and for leave to file exceptions thereto. The motion to set aside was denied, and leave to file exceptions nunc pro tunc was granted. On the 2d day of January, 1907, the petitioner moved to set aside the judgment entered December 19, 1905, and from the denial of such motion this appeal is taken.

There is no authority for the entry of a judgment in a special proceeding of this character. The petitioner was the client of the respondent, an attorney of this court. He had moneys in his hands which, as attorney, he had collected for her, and upon which he had a lien for compensation for his services, measured, in the absence of any specific legal agreement therefor, by their fair value. Under the provisions of section 66 of the Code of Civil Procedure, the client, this petitioner, had the right to present her petition to this court to have the amount of such compensation and lien determined. Such a proceeding, instituted by petition, is not an action, but is a special proceeding, and no formal judgment can be entered thereon. Ward v. Ward, 67 App. Div. 121, 73 N. Y. Supp. 450. The Supreme Court has inherent power over its attorneys at law to compel them to deal fairly with their clients, and if an attorney has in his hands moneys belonging to the client, collected by him as such attorney, upon which he has no lien for compensation, the court will deal summarily with him, and enforce its payment as for a contempt. Matter of Bornemann, 6 App. Div. 524, 39 N. Y. Supp. 686; Matter of Langslow, 167 N. Y. 31, 60 N. E. 590; Code Civ. Proc. §§ 14, 2266, et seq.

Section 1228 of the Code of Civil Procedure, providing that judgments may be entered upon the report of a referee, has no application to a special proceeding instituted as this was, notwithstanding the provisions of the order that the referee should hear and determine the matter. That section appears in chapter 11, and under title 1 of such chapter, which is entitled "Judgment in an Action." In the present case there was no action, and, notwithstanding the provisions of the order, it is necessary that the referee's report be presented to the court for confirmation, and upon such motion the court was called upon to exercise its judgment and confirm or reject it, and decide the matter for itself. In a proceeding of this character the court must determine the controversy, and it may order a reference only for the purpose of assistance to itself in that regard. It cannot shift the whole matter to a referee. If a reference be ordered, the matter must come back to the court on the report of the referee for final determination, and the report may be adopted or disregarded, and a different decision made on the facts. Matter of Ney Co., 114 App. Div. 467, 99 N. Y. Supp. 982; Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572. Such being the proper practice of the court, the order, although in form to hear and determine, must be deemed to be the order which the court had the right to make, and must be considered as an order to hear and report. See McCleary v. McCleary, 30 Hun, 154; Bentes v. Brady, 8 How. Prac. 216. The respondent having obtained from the referee a report

in his favor should have presented it to the court for confirmation instead of entering judgment thereon as was done.

It is insisted, however, that the appellant is too late in making her motion to set aside the judgment, in that she did not move within one year from its entry as prescribed by section 1282 of the Code. That section relates to the setting aside of judgments for irregularity, and provides that such motions shall not be made after the expiration of one year from the filing of the judgment roll. The entry of judgment herein was not an irregularity. It was a nullity because there was no authority for its entry. We do not think the petitioner's motion came within the provisions of the above section, or within the provisions of sections 1290 or 724 of the Code. But if it did, the court has inherent power over its judgments, and is not limited by the provisions of those sections (Furman v. Furman, 153 N. Y. 309, 47 N. E. 577, 60 Am. St. Rep. 629; Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. Rep. 748), and the present instance is a case in which that power should be exercised in the furtherance of justice. All the facts are not before us, but so far as they appear both the expenses of the reference and the compensation of the attorney are unreasonably large. On a presentation of the report of the referee to the Special Term for confirmation, however, the whole matter can be determined.

The order must be reversed, with $10 costs and disbursements, and the motion to set aside the judgment granted, with $10 costs. All concur.