In the Matter of LEWIS GINSBURG, Petitioner. SAMUEL ADELSON et al., Respondents.

Supreme Court, Special Term, New York County, December 11, 1944.

*Stephen S. Bernstein* for petitioner.

*Moses H. Rothman* for respondents.

HOFSTADTER, J.  Petitioner, an attorney, instituted proceedings under section 475 of the Judiciary Law to fix and enforce his lien for the rendition of professional services.  The respondents successfully opposed the application and petitioner appealed from the order of denial to the Appellate Division.  That court (267 App. Div. 946) modified the order of Special Term " to the extent of referring the matter    *    *    *    for a determination of the petitioner's lien [and services]    *    *    *.''  After hearings, the referee found in favor of the petitioner, but in an amount which petitioner contends is inadequate.  The referee has filed a report containing findings of fact and conclusions of law, which report becomes the decision of the court in accordance with section 470 of the Civil Practice Act.  Paragraph Fifth of the referee's conclusions " directs '' that within three days the petitioner shall deposit with the city treasurer all sums in excess of the value found by the referee.

The respondents, however, have refused to enter either an order or judgment on the referee's report.  They insist that

the reference was " to hear and determine ", and hence the report of the referee constituted the final determination in the matter. Petitioner takes the contrary position, and contends that in this special proceeding a final order of judgment must be entered confirming the report; that an appeal will not lie from the report as such but only from the order of confirmation or the judgment entered thereon. Furthermore, petitioner urges that, in the circumstances here present, his interests might be jeopardized if he undertook to enter an order or judgment in the matter, or attempted to enter the referee's report as a final. determination.

I am in accord with the argument advanced by the petitioner that the referee's report requires a confirmation. In *Matter of Cartier* v. *Spooner* (118 App. Div. 342) the court held that there can be no judgment on a referee's report in a special proceeding to determine an attorney's lien; and that notwithstanding the provisions in the order of reference to " hear and determine " it is implicit in the nature of the special proceeding that the court itself must definitively act in the controversy. The court stated at page 344.

" In a proceeding of this character the court must determine the controversy, and it may order a reference only for the purpose of assistance to itself in that regard. ＊ ＊ ＊ If a reference be ordered, the matter must come back to the court on the report of the referee for final determination, and the report may be adopted or disregarded and a different decision made on the facts. (*Matter of Ney Co.,* 114 App. Div. 467; *Marshall* v. *Meech,* 51 N. Y. 140.)

" Such being the proper practice of the court, the order, although in form to hear and determine, must be deemed to be the order which the court had the right to make and must be considered as an order to hear and report. (See *McCleary* v. *McCleary,* 30 Hun 154; *Bantes* v. *Brady,* 8 How. Pr. 216.) " And to the same effect are *Sullivan* v. *McCann* (124 App. Div. 126) and *Wacenske* v. *Merchants Despatch Transp. Co.* (237 App. Div. 868).

Since the respondents also have expressed some dissatisfaction with the referee's finding, I shall not prejudice any cross appeal that respondents may choose to take. Hence, there will not be issued any direction that respondents be compelled to move for confirmation. But the petitioner, an attorney, cannot be permitted to remain in the anomalous position of refusing to comply with the outstanding " direction " of the referee. Accordingly, the motion is granted to the extent of staying

respondents from enforcing the decretal provisions in the referee's conclusion of law designated " Fifth " until the confirmation of the report, or until further order of the Appellate Division.

Settle order.