Cohn, J.
The action is for a separation. Plaintiff made a motion for alimony pendente lite and for counsel fees to prosecute the suit. Upon the return of the motion the court designated a referee to take proof and report as to the financial condition of the parties and their scale of living. The determination of the motion proper was held in abeyance pending the coming in of the referee’s report. After the hearings were concluded, the referee filed his report. The court thereupon adopted the recommendations of the referee and decided the original motion by awarding alimony and counsel fees. From the order entered thereon defendant appeals claiming that the court’s approval of the findings of the referee was improper *549 because there had been no motion made to confirm the report.
The Civil Practice Act (§ 467) authorizes a reference such as this for the information of the court. Rule 170 of the Rules of Civil Practice provides that in references other than a reference to hear and determine or a reference for computing the amount due in a foreclosure computation, “ * * * The report of the referee shall be filed with the testimony and a note of the time of filing shall be entered by the clerk in his record of the proceedings in such case. After the report is filed either party may move thereon, on notice to all parties interested.” Here no such motion was made.
In matrimonial actions the court for its own information may and frequently does order a reference. It may act by accepting or rejecting in whole or in part the findings of the referee (Bannon v. Bannon, 270 N. Y. 484, 492; Marshall v. Meech, 51 N. Y. 140, 143). The practice in the past in many similar cases seems to have been for the Special Term to act on the report of the referee without a formal motion to confirm by either party. In conformity, however, with rule 170 we think that the court should await a motion to confirm the report. Apparently this was the established practice before the adoption of rule 170 (Matter of Cartier v. Spooner, 118 App. Div. 342, 344; Doremus v. Doremus, 76 Hun 337, 338) and we are aware of no good reason why that practice should not be continued. Upon such a motion the parties are afforded an opportunity of pointing out in what respects, if any, the referee’s report or his conduct of the proceedings is erroneous (cf. Aron v. Aron, 280 N. Y. 328). Failure to comply with the practice as set forth in the quoted portion of the rule is improper.
In this case we find no prejudice to defendant because of omission to comply with the rule. The minutes of the hearing before the referee, which had been duly filed with the clerk, were submitted to the Special Term when it adopted the referee’s report. On the appeal to this court, all facts were fully presented; alleged errors in the findings of the referee were set forth and have been carefully considered by us. In the circumstances, we see no purpose in requiring the matter to be heard de novo at Special Term.
We are of the view that the temporary alimony should be reduced to the sum of $200 per week. If plaintiff should prevail upon the trial, the court will not be limited to this sum for permanent alimony for it will doubtless be in a position to determine with greater certainty what sum should be allowed. Because of the payment made by plaintiff to her attorneys, we *550 think that the allowance for counsel fee should be reduced to the sum of $3,000.
The order entered on or about May 2, 1947, as resettled by an order entered on or about May 9, 1947, should be modified, without costs, by fixing temporary alimony in the sum of $200 per week commencing December 1, 1946, and counsel fee in the sum of $3,000, and otherwise affirmed.
The order entered on or about July 1, 1947, amending and modifying the order entered on or about May 9,1947, should be affirmed.
The order entered on or about August 12, 1947, granting plaintiff’s motion to punish defendant for contempt should be reversed, without costs, and the motion denied without prejudice to plaintiff’s right to proceed under the order of the Special Term as modified by this court.
The order entered on or about August 12, 1947, granting plaintiff’s motion to enter judgment in the amount of arrears in the sum of $2,600, and the judgment entered thereon, should be reversed, without costs, and the motion denied, without prejudice to plaintiff’s right to proceed under the order of Special Term as modified by this court.
Peck, P. J., Glennon, Does and Callahan, JJ., concur.
Order entered on or about May 2/1947, as resettled by an order entered on or about May 9, 1947, unanimously modified, without costs, by fixing temporary alimony in the sum of $200 per week commencing December 1, 1946, and counsel fee in the sum of $3,000, and otherwise affirmed. Order entered on or about July 1,1947, amending and modifying the order entered on or about May 9, 1947, unanimously affirmed. Order entered on or about August 12, 1947, granting plaintiff’s motion to punish defendant for contempt unanimously reversed, without costs, and the motion denied, without prejudice to plaintiff’s right to proceed under the order of Special Term as modified by this court. Order entered on or about August 12, 1947, granting plaintiff’s motion to enter judgment in the amount of arrears in the sum of $2,600, and the judgment entered thereon, unanimously reversed, without costs and the motion denied without prejudice to plaintiff’s right to proceed under the order of Special Term as modified by this court. Settle orders on notice.