ISIDORE NEUWIRTH, Plaintiff, *v.* PHILIP MELVIN, Defendant.

Supreme Court, Special Term, Kings County, February 3, 1948.

*Leo Pincus* for the motion.

*Maurice Edelbaum* opposed.

WALSH, J. This is a motion to vacate an order of an official referee.

During the pendency of the above-entitled action, an order was made by Mr. Justice LOCKWOOD substituting Leo Pincus, Esq., as attorney for the defendant in place and stead of Maurice Edelbaum, Esq., and referring the matter to Honorable PETER P. SMITH, an Official Referee of this court, *to hear and determine* the amount of compensation, if any, due from the defendant to the said retiring attorney. Subsequently thereto the matter came on to be heard before the said Official Referee. Thereafter and on November 26, 1947, the latter issued an order fixing the compensation due from the defendant in the amount of $2,000 and vesting the retiring attorney with a retaining lien on the defendant's papers in his possession until the payment of the said sum.

Application is now made on behalf of the defendant for an order vacating the determination rendered by the Official Referee upon the ground that it is " a nullity and of no force and effect."

The order of reference herein was made at a special term of this court. Defendant in effect asks a subsequent special term, where another justice is presiding, to modify that order to change it from an order of reference to hear and determine to an order of reference to hear and report. It would seem that relief from the original order of reference should have been sought through the justice who made it by motion to resettle or to modify or by appeal from that order rather than by motion to modify the order of the official referee.

However, on the merits, it would seem that the motion should be denied.

It is the movant's view that the official referee should file a report *subject to the confirmation of the court.* He urges that

pursuant to section 475 of the Judiciary Law the court alone has the authority to fix the amount of the lien; that the official referee is not clothed with a jurisdictional prerogative to do so despite the fact that the order of reference itself anticipated *a final determination* of the matter by the referee.

Section 475 of the Judiciary Law, insofar as presently pertinent, provides: " From the commencement of an action, special or other proceeding in any court * * * the attorney who appears for a party has a lien * * *. *The court* upon the petition of the client or attorney may determine and enforce the lien."

It is true that the foregoing provision specifies that " the court " shall determine and enforce the lien. It may not be said, however, that the use of that term, when regarded in the light of sections 116–117 of the Judiciary Law, precludes an official referee from rendering a final determination of the referred issue.

Section 116 empowers an official referee to hear and report or to hear and determine: " (1) any action, claim, matter, motion or special proceeding pending in the supreme court, surrogate's court, or the county court of any county, referable by statute or the rules and practice of said courts, in which the justice, judge or surrogate making the order of reference shall deem that for any reason the expenses of such reference shall not be borne by the parties to such action, claim, matter, motion or proceeding; (2) any action, claim, matter or special proceeding of a civil nature pending in such courts except a matrimonial action, referred upon consent of the parties thereto; * * *." (Subdivisions 3 and 4 appearing in this paragraph of the section are not pertinent to the present discussion.)

The power thus conferred upon official referees is further augmented and supplemented by the legislative grant contained in section 117, which provides: " As to all motions, actions or proceedings submitted to an official referee by stipulation of the parties appearing therein, or order of the court, except matrimonial actions, the same shall be deemed duly referred to said official referee and, in addition to all the powers now conferred by section four hundred sixty-nine of the civil practice act, he shall proceed therein with the same power and authority as a justice presiding at a regular special term of the supreme court and entertain and grant motions for a new trial, grant stays and orders to show cause, and he shall have similar jurisdiction and authority as to any other action or proceeding referred to him by order of the supreme court including matrimonial actions.

Every official referee shall have the power to administer oaths and take acknowledgments; the violation of an order of such official referee may be punished as for a contempt of court by the court at special term." The comprehensive effect of the above sections has been judicially recognized and sanctioned by the Appellate Division of this Department in *Matter of Brock* (245 App. Div. 5); also *Davis* v. *Wiener* (260 App. Div. 127).

Reverting again to a consideration of section 475 of the Judiciary Law, it will be noted that there is nothing to be found in the provisions thereof which either expressly or by fair implication constitute an abridgment, curtailment or limitation, in a referred matter, of the broad powers generically conferred upon official referees by sections 116 and 117. I thus conclude that there was ample justification for the issuance of the order referring the instant matter to the Official Referee to hear and determine.

I have not overlooked the decision of the court in *Matter of Ginsburg* (191 Misc. 188) cited by the moving party in support of the application herein. In the latter case it was held that a referee lacks power *to determine* the extent of an attorney's lien in a proceeding brought pursuant to the provisions of section 475. In so deciding, however, the court did not allude to the plenary provisions of sections 116 and 117. While the record does not disclose the fact, the court, upon inquiry, has ascertained that that case did not involve an official referee. The basis for the decision rather was predicated upon the conclusion reached in *Matter of Cartier* v. *Spooner* (118 App. Div. 342) and other cases of similar vein, such as *Sullivan* v. *McCann* (124 App. Div. 126) and *Wacenske* v. *Merchants Despatch Transp. Co.* (237 App. Div. 868). In the *Cartier* case the court held that there can be no judgment on a referee's report in a special proceeding to determine an attorney's lien; and that notwithstanding the provisions in the order of reference to hear and determine it is implicit in the nature of the special proceeding that the court itself must definitively act in the controversy. At page 344 it was further pointed out that: " In a proceeding of this character the court must determine the controversy, and it may order a reference only for the purpose of assistance to itself in that regard. It cannot shift the whole matter to a referee. If a reference be ordered, the matter must come back to the court on the report of the referee for final determination, and the report may be adopted or disregarded and a different decision made on the facts. (*Matter of Ney Co.,* 114 App. Div. 467; *Marshall* v. *Meech,* 51 N. Y. 140.)"

I do not regard the *Cartier* and the other cited cases as longer controlling upon the subject here being considered. Significantly those cases were decided before 1935, at which time the Legislature greatly broadened the authority of the official referees by the enactment of sections 116 and 117 as above related. Prior to 1935, the official referees were empowered to act under the more circumscribed provisions of the now repealed section 115 of the Judiciary Law (repealed by L. 1935, ch. 854). Pursuant thereto a matter might not be assigned to an official referee for his determination unless it was explicitly '' referable by statute or the rules and practice '' of the court. A proceeding to fix an attorney's lien not being referable either by the provisions of section 475 or by rule or under the practice of the court prevailing prior to 1935 was, therefore, not the proper subject for assignment to an official referee for his determination.

Upon the foregoing, the motion to vacate the Official Referee's determination is denied. Settle order.