Mario Pittoni, J.
Defendants’ motion to vacate a judgment of Municipal Court is granted.
The plaintiff brought an action for property damages in the Municipal Court of the City of New York and one for personal injuries in Supreme Court, Nassau County. Both arose out of the same accident. On October 26, 1959, there was a vigorously contested motion for consolidation before Mr. Justice Hogan of this court. That motion was granted on December 1, 1959. A copy of the order was served on the plaintiff on December 9, 1959; but inadvertently it was not served on the Clerk of Municipal Court.
Thereafter, the plaintiff learned of defendants’ oversight in not serving the Clerk of Municipal Court and, with full knowledge of this court’s order of consolidation, on February 24,1960 took an inquest before the Inquest Clerk of Municipal Court. Such conduct by an officer of the court is unconscionable.
The defendants moved in the Municipal Court to vacate the default judgment; however, the Clerk refused receipt of the motion papers because by then the file had been sent to the Nassau Supreme Court for consolidation with the action pending in this court.
The plaintiff opposes the present motion now before me on the ground that this court has no power to vacate the Municipal Court judgment, particularly since the judgment was rendered prior to actual consolidation. I hold the consolidation was effective upon the entering of the order of this court granting consolidation. The defendants are also relieved of the omission to serve the consolidation order on the Clerk of the Municipal Court. (Civ. Prac. Act, § 105.) Upon entry of the order of consolidation, the Inquest Clerk lacked the power to enter a default judgment in favor of the plaintiff. (See Matter of Cartier v. Spooner, 118 App. Div. 342 [1st Dept.]; Bouker Contracting Co. v. Neale, 161 App. Div. 617 [2d Dept.]; 7 CarmodyWait, New York Practice, p. 391.) The Municipal Court judgment is void. Settle order on notice.