(113 App. Div. 61)

### SULLIVAN et al. v. McCANN et al.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. ATTORNEY AND CLIENT—LIEN—ENFORCEMENT.

   Where an attorney had a contract with his clients for a contingent fee of 12½ per cent. of any sum obtained for his clients by litigation, settlement, or otherwise, and brought a suit which his client sought to dismiss as ill advised, under an agreement with defendants, the attorney had a right, which was beyond the power of the court to deny, to have the amount due him as between himself and his clients fixed, as provided by Code Civ. Proc. § 66.

2. SAME.

   Where an action brought was dismissed by plaintiffs without extinguishment of the claim sued on, or anything paid or agreed to be paid in settlement thereof, there was no lien in favor of the plaintiffs' attorney which could be enforced as against the defendants.

3. SAME—FEES—ESTABLISHMENT.

   Where an attorney had no lien which was enforceable against defendants in an action, his affidavit in return to an order to show cause why the action should not be dismissed on a stipulation entered into between the parties, in which the attorney made no objection to the dismissal, provided an allowance was made for his fees, which affidavit was not served on his clients, could not be treated as a petition for the fixing of his fees, as provided by Code Civ. Proc. § 66.

Appeal from Special Term, New York County.

Action by William H. Sullivan and another against John McCann and others. From an order granting a discontinuance without costs to

any party as against the other, plaintiffs' attorney, Edward H. Fox appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Louis Frankel and Edward W. Fox (Job E. Hedges, on the brief), for appellant.

John F. McCann, Jr. (Henry C. Eldert, on the brief), for respondents.

CLARKE, J. This action was brought by two grandsons of John Sullivan, deceased, to construe the last will and testament of said decedent, which had been admitted to probate in this county on or about March 9, 1886. The complaint asked that certain provisions of said will, directing that the surplus income be applied for the payment of mortgages on the property left by said decedent, and to invest and reinvest such surplus income after paying off such mortgages until the determination of the trust estate, be declared invalid. The complaint also asked for an accounting by the trustees. The plaintiffs had entered into a contract, under seal, with the attorney, which provided:

"We * * * do hereby retain Mr. Edward W. Fox * * * as our attorney, to represent us in all matters relating to the estate of our deceased grandfather, John Sullivan, and we hereby authorize the said Edward W. Fox to institute such proceedings as may be necessary in any court to enforce our rights or to protect our interests in said estate, and said Edward W. Fox is hereby authorized to commence any action at law or in equity for an accounting, for the construction of the last will and testament of said John Sullivan, deceased, or otherwise, as said Edward W. Fox may deem necessary for such purposes, and to engage and employ such counsel as the said Edward W. Fox may deem necessary therefor. We hereby agree to pay the said Edward W. Fox the sum of 12½ per cent. each on any amount which we may recover, or to which we may be entitled by a decree or judgment in any such actions or proceedings instituted by the said Edward W. Fox; or, in case of settlement or adjustment of our rights or interests in said estate, the said Edward W. Fox shall be entitled to the equal sum of 12½ per cent. each on the amount to which we would be entitled, or would recover by decree or judgment were it not for such settlement or adjustment. It is hereby expressly understood that said Edward W. Fox is to be entitled to 12½ per cent. each on any amount of the accrued income to which we may be entitled or which we may recover as above from the estate of said John Sullivan, deceased, exclusive of any costs and allowances and which may be granted by the court, and which said costs and allowances are to belong to said Edward W. Fox, in addition to said sum of 12½ per cent. each."

After the preparation and service of the summons and complaint all of the parties agreed to a discontinuance; it being set forth in the papers by the trustees that no consideration of any sort has been paid to the plaintiffs, or agreed to be paid or intended to be paid, voluntarily or otherwise, for their agreement that the action be discontinued. The only reason given by the plaintiffs for their desire to discontinue is as follows:

"That since the bringing of said action he has regretted bringing any such case, and after due deliberation and consultation with his family he has come to the conclusion to absolutely withdraw from the case. It is his intention, therefore, to enter into any agreement with the trustees which will dispose of the case in the quickest possible manner. Deponent is willing to abide by any disposition of the case which the trustees may see fit to make."

Each plaintiff making a similar affidavit.

Upon the return to the order to show cause why the motion for a discontinuance should not be granted, the attorney for the plaintiffs filed an affidavit in which he set forth at length his connection with the case, the services rendered by him, and his contract with the plaintiffs, and, averring that he had no desire to stand in the way of discontinuing the action if his rights were properly protected, prayed that the court might summarily determine his rights according to the provisions of section 66 of the Code of Civil Procedure, "and that an order may be entered discontinuing this action upon the payment to this deponent of the sum of $6,250, besides costs and disbursements to be taxed by the clerk of this court, and that such sum should remain a lien upon the shares of the accumulated income to which plaintiffs are or may hereafter be entitled, and that the court may make such other and further orders herein as may be proper or necessary to enforce the remedies provided in section 66 of the Code of Civil Procedure." The learned court made an order simply discontinuing the action "without further costs to any party as against the others"; and from said order the attorney for the plaintiffs appeals. The attorney makes no objection to the discontinuance of the action. He admits the right of the parties as between themselves to put an end to the litigation. His grievance is that his claim was not established summarily and a lien for the amount thereof declared.

Section 66 of the Code of Civil Procedure provides that:

"The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court, upon the petition of the client or attorney, may determine and enforce the lien."

A valid contract, under seal, retained the attorney in all matters connected with the estate of plaintiff's grandfather, and his compensation by express agreement was fixed upon a percentage basis of the amount recovered, or, in case of settlement or adjustment, on the amount plaintiffs would be entitled to or would recover by decree or judgment were it not for such settlement or adjustment. Relying upon such contract, the attorney has made investigations, performed services, drawn and served papers, and employed counsel. Without his consent, without payment or security for the payment of his services, his clients adjust their differences with the defendants and discontinue the action. What rights has the attorney, and how is he to enforce them? He has by the section (66 of the Code) referred to a lien upon his client's cause of action or claim. There is no doubt but that this lien attaches not only to a verdict, decision, or judgment and the proceeds thereof, but also in case of settlement before the judgment or trial "it attaches to the amount agreed upon in settlement the instant that the agreement is made, and, if the defendant pays over to the client without providing for the lien of the attorney, he violates the rights of the latter, and must

stand the consequences. The lien was not affected by the adjustment, but leaped from the extinguished cause of action to the amount agreed upon in settlement." Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 502, 66 N. E. 395. But in the Fischer-Hansen Case there were two things which differentiated it from the case at bar. There was a settlement for a money consideration between the parties, and there was an extinguishment of the cause of action by the delivery of a release under seal. Upon these papers no pecuniary settlement has been made, no amount has been fixed as paid or to be paid upon which the agreed percentage could be calculated, or to which the lien could attach; nor has the cause of action or claim of the plaintiffs been extinguished. The suit has been discontinued, but there is no proof that the claim under their grandfather's will has been affected, or that when the trustees come to account, as some time they must, the questions raised in the complaint herein may not be raised by the plaintiffs. So that we have here a different question from those heretofore adjudicated. In Matter of King, 168 N. Y. 53, 60 N. E. 1054, stocks and bonds, assets of a trust estate, were removed into this state from the jurisdiction of the New Jersey court, and the New Jersey trustee employed attorneys in this state to recover the securities. After a long litigation they were successful, and the securities being in the possession of the Central Trust Company subject to the order of the court, and the trustee having disputed the attorneys' bill, they instituted a proceeding under section 66 of the Code of Civil Procedure to have the amount of their lien determined and enforced. It was upon those facts that the court said:

"In this case the petitioners had a lien created by statute. The proceedings provided by the Code are instituted by a petition, and are in the nature of the foreclosure of a lien. * * * The Special Term undoubtedly could have retained the proceedings, tried out the question as to the value of the petitioners' services, and determined the rights of the parties without a referee, but the petitioners were entitled to have their rights determined by the court either with or without the aid of a referee. The court could not properly, in the exercise of its discretion, deprive the petitioners of this remedy. The remedy given is equitable in character, and we think the equity side of the court has jurisdiction."

In Matter of Regan, 167 N. Y. 342, 60 N. E. 658, a decree had been obtained and entered in the Surrogate's Court which had been satisfied in derogation of the rights of the attorney, and it was held that the surrogate had power to protect the lien of an attorney upon the judgment or decree, and had power to vacate the satisfaction of the decree. In Matter of Fitzsimons, 174 N. Y. 15, 66 N. E. 554, in a proceeding to compel an accounting by an administratrix in the Surrogate's Court, a collusive settlement was had behind the attorney's back. Upon the consent and release so obtained a motion was made to approve the account. Upon that motion the attorney presented a petition setting forth facts entitling him to a part of any recovery to which his clients would be entitled upon such accounting, and to compensation as attorney for the contestants. He also asked that his rights as such attorney under the agreement between himself and the contestants be determined in that proceeding and the proceeding continued for that purpose. The court said:

"That he had a right to present such a petition to the Surrogate's Court, and that it was the duty of the court to continue the proceeding for the purpose of enabling him to establish his rights to the compensation claimed, especially as his client was insolvent and the alleged settlement established by the plain provisions of the statute and the decisions of this court. * * * But the Appellate Division dismissed the petition, denied his right to establish such lien before any evidence as to the facts had been given, and with no proof before it except that set forth in the affidavits used upon the motion. * * * The Appellate Division erred in dismissing the petition and denying him the relief sought, when there had been no investigation or trial of the facts."

In Smith v. Acker Process Co., 102 App. Div. 170, 92 N. Y. Supp. 351, Mr. Justice Williams, after reviewing the case, said:

"It seems to us from a consideration of these late expressions of the Court of Appeals that we should not favor the continuance of an action for the benefit of the attorney's lien. Its only object would be to arrive at the attorney's compensation in a case where there had been an agreement with the client for a percentage of the recovery, and even in such a case the result of a trial after a settlement would hardly be a fair indication of what the recovery would have been in the absence of the settlement which was comtemplated by the agreement originally made. It seems to us even in such a case a more satisfactory determination would be arrived at by the court with or without the aid of a referee under section 66."

In the Fischer-Hansen Case, 173 N. Y. 492, 66 N. E. 395, it was held that a cause of action was not the property of the attorney, but of the client, and that the existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement.

Applying these cases to the facts now before us, we think that the court below was right in making the order of discontinuance appealed from; that the action should not have been continued for the mere purpose of fixing the amount of the attorney's compensation. We think, also, that the attorney, having the contract with his clients that he did, had a right, which the court has no discretion to refuse, to have the amount due him as between himself and his client fixed under the provisions of section 66 of the Code. The contract still exists, and the claim of the client does not appear to have been extinguished. We think that inasmuch as it does not appear that any sum was paid or agreed to be paid in settlement, and as, therefore, the lien only attached to the claim or cause of action, so far as the defendants are concerned there is no lien to be determined or enforced. So far as they are concerned, it is a shadow without substance. Further, as the question is now between the attorney and his clients, we should not treat the attorney's answering affidavit on the motion for an order of discontinuance, which does not appear to have been served upon his clients and to which they have not interposed an answer, as a petition under section 66, but should follow the course taken in Smith v. Acker Process Co., supra, and grant leave to institute such proceedings to the end that upon proper papers the questions may be squarely raised between the interested parties and decided by the Special Term on the facts.

With this leave, the order appealed from should be affirmed, with $10 costs and disbursements to be paid by the appellant. All concur.