(115 App. Div. 146)

## SULLIVAN et al. v. McCANN et al.

### In re FOX.

(Supreme Court, Appellate Division, First Department.   October 19, 1906.)

ATTORNEY AND CLIENT—ATTORNEY'S LIEN—PROCEEDINGS TO FIX AMOUNT—PARTIES.

> Code Civ. Proc. § 66, provides that, on the commencement of an action, the attorney of a party has a lien upon his client's cause of action and the proceeds thereof which cannot be affected by any settlement between the parties.  A suit against testamentary trustees for a construction of the will, and for an accounting, was discontinued by agreement, but no moneys were paid or agreed to be paid without the knowledge or consent of plaintiff's attorney.  *Held*, that the trustees were improper parties to a proceeding for the fixing of the amount of the attorney's lien, though after the establishment of the amount, the attorney might present his claim against the estate.

Appeal from Special Term, New York County.

Suit by William H. Sullivan and another against John McCann and others.   Appeal by defendants, from an order appointing a referee, upon the application of Edward W. Fox, plaintiffs' attorney, to have the amount and extent of an attorney's lien fixed and determined. Modified and affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry C. Eldert, for appellant James F. Sullivan.

John F. McCann, Jr., for appellant trustee.

Job E. Hedges (Louis Frankel, of counsel), for respondent.

CLARKE, J.   This is an appeal from an order of the Special Term, appointing a referee upon the application of the petitioner, an attorney, to have the amount and extent of an attorney's lien fixed and determined.   This matter was before us on an appeal from an order discontinuing the action, and is reported in 98 N. Y. Supp. 947.   We there held that the attorney had the right, under section 66 of the Code of Civil Procedure, to apply to the court for the purpose of fixing the amount of the compensation.   We further said:

> "We think that, inasmuch as it does not appear that any sum was paid or agreed to be paid in settlement, and as, therefore, the lien only attached to the claim or cause of action, so far as the defendants are concerned, there is no lien to be determined or enforced."

The order appealed from provided as follows:

> "Ordered, that the prayer of the said petitioner be granted, and that it be referred to Edward B. LaFetra, Esq., counsellor at law, of the city of New York, to hear and determine the amount and extent of the lien of the said Edward W. Fox, as attorney for William H. Sullivan and James F. Sullivan, the above-named plaintiffs, as to all the matters stated in the petition herein, and to make such suitable provision as may be necessary for the enforcement of the said lien, and directing the payment thereof by John McCann and Theodore Kauffeld, as executors and trustees of the last will and testament of John Sullivan, deceased, from any moneys, the property of the above-named plaintiffs, in their hands now due, or which may hereafter become due by reason of any causes of action existing in favor of the above-

named plaintiffs against the said defendants trustees at the time of the commencement of the above-entitled action."

So much of said order as provides for the bringing in of the trustees as parties to said reference, and as authorizes any provision to be made for the enforcement of the alleged lien, or directing the payment thereof by said trustees is improper. We distinctly held that, as it appeared that no moneys had been paid or agreed to be paid upon the discontinuance of the said action without the knowledge or consent of the attorney, that so far as the trustees, the defendants in the original action, were concerned there was nothing to which a lien could attach. They are, therefore, unnecessary and improper parties to this proceeding, which is allowed solely for the purpose of fixing the amount of the attorney's compensation under his contract and against his clients. Neither the trustees, individually, nor the estate in their hands, should be put to the trouble and expense of litigating this controversy. After it shall have been established what amount, if any, is due from the plaintiffs to the attorney, then he will be in a position to present his claim against the estate, and, if there is any money of the plaintiffs now or hereafter in the hands of the trustees, he may, by appropriate proceedings, collect the same.

The order, therefore, should be modified by striking out so much thereof as affects the trustees, with $10 costs and disbursements to them, and, as so modified, affirmed. All concur.