### SULLIVAN et al. v. McCANN et al.

### In re FOX.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. COSTS—ON APPEAL—EXPENSES OF RECORD—UNNECESSARY MATTER.

> Where many pages of a record brought up on appeal are taken up with opinions and copies of documents entirely immaterial to the question in issue, and the necessary facts could have been contained in a few pages, the expense of printing will not be allowed.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 968–971.]

2. REFERENCE—WHEN GRANTED—NATURE OF PROCEEDING—ATTORNEY'S LIEN—ENFORCEMENT.

> In proceedings under Code Civ. Proc. § 66, giving an attorney a lien for his compensation and authorizing the court to determine and enforce it, the court may direct a reference under section 1015, authorizing reference to take an account or report on a question of fact, and upon the deter-

mination of the question referred the court could grant the order neces-
sary to determine and enforce the lien.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, §§ 13–
23.]

3. APPEAL—CASE—EXCEPTIONS—ORDER IN SPECIAL PROCEEDINGS—DETERMINA-
   TION OF ATTORNEY'S LIEN.

   In a proceeding to determine and enforce an attorney's lien for compen-
   sation under Code Civ. Proc. § 66, the court will review an order con-
   firming a referee's report fixing the amount of such compensation, although
   no case was made or exceptions taken to the court's decision, as Code Civ.
   Proc. § 997, making a case necessary on appeal from a judgment, does
   not apply to special proceedings.

4. SAME—REVIEW—SCOPE AND EXTENT—DETERMINATION—GRANTING RELIEF.

   An appeal from an order adopting the report of a referee in proceed-
   ings to determine and enforce an attorney's lien for compensation brings
   • before the Appellate Division the decision of the Special Term on the facts
   and law, and the appellate court must correct any error and grant the
   proper relief.

5. SAME—SUBSEQUENT APPEALS—QUESTIONS CONCLUDED.

   A decision on appeal that decrees of the Surrogate's Court settling the
   accounts of trustees under a will preclude all parties to the proceedings
   from questioning the disposition of surplus income by such decree con-
   trols on an appeal from an order confirming a referee's report in proceed-
   ings to determine and enforce the lien for compensation of an attorney
   who had brought an action to determine the validity of the provisions of
   the will as to the accumulation of such surplus income on behalf of
   clients who were parties in the original accounting.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error,
   § 4370–4379.]

6. ATTORNEY AND CLIENT—COMPENSATION—CONTRACTS—AMOUNT—DISMISSAL OF
   PROCEEDINGS.

   Testator left his estate to trustees, with directions as to accumulation
   of income and division of the property on termination of the trust.
   Plaintiffs, who would be entitled to shares of the trust fund on termina-
   tion of the trust, authorized an attorney to bring such proceedings as
   were necessary to enforce plaintiffs' rights and agreed to pay him 12½
   • per cent. on any amount recovered or to which they should be entitled in
   case of settlement. The attorney brought action to compel the trustees
   to pay over the surplus income to the persons entitled to it, which action
   was dismissed by plaintiffs against the protest of the attorney. *Held,*
   in proceedings to determine and enforce the attorney's lien for compensa-
   tion, that he was entitled to 12½ per cent. of the portion of the surplus
   income received by the trustees subsequent to their last accounting, to
   which plaintiffs would have been entitled had the action not been dis-
   missed.

7. SAME—LIEN—ENFORCEMENT.

   In proceedings to determine and enforce an attorney's lien for compen-
   sation in an action brought to compel trustees under a will to pay over
   to his clients the portion of surplus income to which they were entitled,
   which action was dismissed by his clients against his protest, judgment
   for the amount of his compensation should not be entered; but an order
   should be made that petitioner has a lien on the surplus income for the
   amount due him, with authority to take necessary proceedings to enforce
   the lien.

Appeal from Order Entered on Report of Referee.

Action by William H. Sullivan and others against John McCann
and others. From an order overruling exceptions to the report of
a referee and confirming the same, directing a recovery from William
H. Sullivan, a plaintiff in the action, in the sum of $698.97, and a

recovery from James F. Sullivan, also a plaintiff in the action, for a like sum, and a recovery against the two plaintiffs for the costs and disbursements of the proceedings, and further directing that the order be docketed and entered as a judgment, and that the petitioner have execution against the two plaintiffs for the amount of such judgment, James F. Sullivan, one of the plaintiffs in the action, appeals. Modified and affirmed.

See 115 App. Div. 146, 100 N. Y. Supp. 739.

Argued before PATTERSON, P. J., INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry C. Eldert, for appellant.
Louis Frankel, for respondent.

INGRAHAM, J.  One John Sullivan, a resident of the county of New York, died on the 23d day of February, 1886, leaving a last will and testament, which was duly admitted to probate, by which the testator left all his estate, real and personal, to trustees, with certain directions as to the accumulation of income, and upon the termination of the trust directing the trustees to divide the property between the children of the testator's son James and his illegitimate son, "to be divided between them per capita, share and share alike." This trust was to continue during the natural life of the testator's wife and his son, James Sullivan. It appears that the testator's wife has since died; but his son, James Sullivan, is still living. The plaintiffs are two sons of the said James Sullivan, and upon the death of their father would be entitled to a share of the trust fund, but under the terms of the will would not receive anything until the death of their father. The petitioner, an attorney at law, was consulted by one of the plaintiffs as to his rights under the will, and subsequently, on the 16th of January, 1906, an agreement was signed between the two plaintiffs and the petitioner, by which the petitioner was appointed the plaintiffs' attorney to represent them in all matters relating to the estate of the testator, and the petitioner was authorized to institute such proceedings as may be necessary to enforce the plaintiffs' rights or to protect their interest in the said estate, and to commence any action at law or in equity for an accounting, or for the construction of the last will and testament, or otherwise. Plaintiffs agreed to pay the petitioner the sum of 12½ per cent. on any amount which they might recover or to which they might be entitled by any decree or judgment in any action or proceeding instituted by the petitioner, or, in case of the settlement or adjustment of their rights or interests in said estate, the petitioner should be entitled to 12½ per cent. on the amount to which the plaintiffs would be entitled or would recover by decree or judgment, were it not for such settlement or adjustment; and in addition the petitioner was to be entitled to any costs awarded to the plaintiffs in any action thus commenced. In pursuance of this retainer, in January, 1906, the petitioner commenced on behalf of the plaintiffs an action in the Supreme Court. The relief sought in that action was for a determination as to the validity, construction, and effects

of the direction contained as to the accumulations of the surplus income of the rents, income, and profits of the real and personal estate of the decedent, and that the executors and trustees be required to render an account of all surplus income, rents, and moneys received by them from the real and personal property of the decedent during their administration under said will, and that the same be paid over and divided equally between the residuary legatees named in the will as being entitled to the next eventual estate, to wit, the plaintiffs and certain defendants named.

Answers were interposed to that complaint by some of the defendants, but on the 14th of March, 1906, the plaintiffs in the action notified the petitioner that they wished to discontinue the action, whereupon, the petitioner refusing to consent, an application was made to the Special Term to discontinue the action, which resulted in an order, dated the 2d of April, 1906, discontinuing the action without costs. An appeal was taken from that order to this court, but the order was affirmed, whereupon, on May 17, 1906, the petitioner made an application to the court to determine the lien of the petitioner under section 66 of the Code of Civil Procedure and to enforce the same. Notice of that application was served upon the plaintiffs in the action and also upon the trustees for the estate of the decedent. That application resulted in an order, dated June 25, 1906, by which it was referred to a referee, "to hear and determine the amount and extent of the lien of the said Edward W. Fox, as attorney for William H. Sullivan and James F. Sullivan, and both named plaintiffs, as to all the matters stated in the petition herein, and to make such suitable provision as may be necessary for the enforcement of the said lien, and directing the payment thereof" by the trustees for any moneys the property of the plaintiffs now in their hands now due or which may hereafter become due by reason of any cause of action existing in favor of the plaintiffs against the said defendant trustees at the time of the commencement of the action. The trustees appealed from that order to this court, where the order was modified by striking out the provision by which it was referred to the referee to make suitable provisions for the enforcement of the petition as a lien, and directing the payment thereof by the trustees. Upon that appeal this court held that, as no money had been paid or agreed to be paid upon the discontinuance of the action, there was nothing in the hands of the trustees to which the lien could attach, and that they were therefore unnecessary and improper parties to this proceeding. Under the order as thus amended by this court the reference proceeded, and the referee made his report awarding to the petitioner the sum of $698.97 against each of the plaintiffs, and against them jointly for the costs and expenses of the proceeding, which were subsequently taxed at $872.80; and from the order entered upon this report James F. Sullivan, one of the plaintiffs in the action, appeals.

The record before us on this appeal consists of 1,015 printed pages, yet the only question presented to the referee or to the court was the amount of compensation due to the petitioner from the plaintiffs. Many pages of the record are taken up with opinions of this court on

other appeals and copies of records and other documents which are entirely immaterial and have no possible bearing on the question. All the facts necessary to pass upon the question presented could have been contained in a few pages. We again wish to condemn such practice and to announce that where such a record is presented the court will not allow the expense of printing it as a disbursement on the appeal.

The proceeding is under section 66 of the Code of Civil Procedure. By that section an attorney is given a lien "upon his client's cause of action, claim or counterclaim," which lien cannot be affected by any settlement between the parties whatever, or after judgment or final order, and "the court upon the petition of the attorney or client may determine or enforce the lien." It is the court that is given authority to determine and enforce the lien, and in such a proceeding under section 1015 of the Code of Civil Procedure the court may direct a reference to take an account and report to the court thereon, where it is necessary to do so for the information of the court, and also to determine and report upon a question of fact arising in any stage of the action upon a motion or otherwise, except upon the pleadings. The court under this provision could refer it to a referee to take an account or report upon a question of fact arising in the proceeding, and upon the question of fact having been determined by the referee the court could then proceed and grant such order as was necessary to "determine and enforce" the lien of the attorney, if one existed.

The respondent makes the point—and it is the only ground upon which he seeks to sustain this order—that as no case had been made or settled, and no exceptions were taken or filed to the court's decision, there was nothing for this court to review. But this contention is based upon a misapprehension as to the nature of the proceeding. It is not an action, nor is the appeal from a judgment rendered after the trial of an issue of fact in an action, and therefore section 997 of the Code of Civil Procedure has no application. In matter of Cartier v. Spooner, 118 App. Div. 342, 103 N. Y. Supp. 505, we expressly held that a proceeding against an attorney and a proceeding under section 66 of the Code of Civil Procedure was a special proceeding, and not an action, and that no formal judgment could be entered thereon; that "in a proceeding of this character the court must determine the controversy, and it may order a reference only for the purpose of assistance to itself in that regard. It cannot shift the whole matter to a referee. If a reference be ordered, the matter must come back to the court on the report of the referee for final determination, and the report may be adopted or disregarded and a different decision made on the facts." The report must therefore be considered as a report to the court on a reference to determine and report upon a question of fact. The court, having adopted the finding of the referee, had power then, under section 66 of the Code of Civil Procedure, to determine and enforce a lien, if one existed, in favor of the petitioner against the cause of action which the petitioner had sought to enforce in the action which was commenced and which was discontinued without his consent. The collection of a sum of money directed to be paid by an order is provided for by section 779 of the Code of Civil Procedure.

An appeal from an order adopting the report of a referee upon the

facts and granting to the petitioner relief brings before this court for review the determination of the Special Term both upon the facts and the law, and we are required upon such an appeal to correct any error committed by the Special Term and grant to either party the relief to which he is entitled. The referee by his report finds the contract under which the petitioner proceeded and brought the action. By that contract the petitioner was authorized to institute such a proceeding as may be necessary to enforce the rights of the plaintiffs or to protect their interest in the said estate. He was also authorized to commence an action at law or in equity for an accounting and for a construction of the will, and the petitioner was to be paid 12½ per cent. on any amount which the plaintiffs should recover or be entitled to under any decree or judgment in any action or proceeding instituted by the petitioner; or, in case of settlement or adjustment of the plaintiffs' rights or interests in said estate, the petitioner was to be entitled to the equal sum of 12½ per cent. each on the amount to which the plaintiffs would be entitled or would recover by decree or judgment, were it not for such settlement or adjustment. The petitioner was also to be entitled to 12½ per cent. from each plaintiff on any amount of the accrued income to which they might be entitled. His compensation was by his contract, whether the action was or was not settled, limited to 12½ per cent. of the surplus income in the hands of the trustees to which his clients were entitled. Under the order of reference the referee proceeded to take and state the accounts of the trustees, so as to determine the amount of the accrued income to which the plaintiffs would be entitled if the provision of the will as to the accumulation of income was declared void, as the plaintiffs were entitled to no income under the will during the continuance of the trust if the provision for the accumulation of income was valid.

It appeared before the referee that the trustees had made accountings before the Surrogate's Court, to which the plaintiffs were parties, their accounts had been passed, and the accumulation of income had been disposed of by the trustees under the decrees of the surrogate entered upon such accountings. In Kirk v. McCann, 117 App. Div. 56, 101 N. Y. Supp. 1093, where the question as to the validity of the provisions of this will in relation to the accumulation of income was before us, we held that these various decrees of the Surrogate's Court judicially settling the trustees' accounts precluded all persons who were parties to those proceedings from questioning the disposition of the surplus income made under the provisions of such decrees. In that case the court said:

"The surrogate had jurisdiction in settling such accounts to construe the will, for the purpose of determining whether or not the payments were properly made. The plaintiffs were duly cited and properly represented by special guardians. Whether the decision of the Surrogate's Court was right or wrong, as long as the various decrees stand unreversed they are binding and valid adjudications; and this, irrespective of whether the parties are infants or adults."

We further held, however, with respect to any surplus income received by the trustees after the accounting under the decrees of the surrogate, that these decrees were not adjudications; that the provision

as to the accumulations were void, and that such surplus income, therefore, belonged to the owners of the next eventual estate; and this decision is controlling upon this appeal. The plaintiffs in the action, therefore, would have been entitled to a judgment for their proportion of the surplus income in the hands of the trustees received by them subsequent to the last accounting before the surrogate, and under the contract the petitioner is entitled to 12½ per cent. upon the amount of such income to which each of the plaintiffs would be entitled, were it not for the settlement and discontinuance of the action. The petitioner was therefore entitled to receive 12½ per cent. of the amount due to each of the plaintiffs or such surplus income which was in the hands of the trustees. The referee, in fixing the amount to which the petitioner was entitled, disregarded these accountings.

The order must therefore be modified, so as to award to the petitioner 12½ per cent. of the plaintiffs' interest in such surplus income, the amount of which can be determined upon the settlement of the order. So much of the order, also, as directs a judgment to be entered and docketed, must be stricken out. The form of the order will be an adjudication that the petitioner has a lien upon the surplus income in the hands of the trustees for the amount found to be due him under his agreement with the plaintiffs, and with authority to the petitioner to take such further proceedings as may be necessary to enforce such lien.

The order, as thus modified, will be affirmed, without costs of this appeal. All concur.