O'FLAHERTY v. HAMBURG–AMERICAN PACKET CO.

(District Court, S. D. New York.  January 21, 1909.)

1. ATTORNEY AND CLIENT (§ 189*)—LIEN OF ATTORNEY—SETTLEMENT OF SUIT—
ACTION IN FORMA PAUPERIS.

A proctor, representing a libelant in a suit in admiralty for a personal injury brought in forma pauperis, on a settlement by his client, is not entitled to have a decree entered in favor of himself for the part of the recovery which he was to receive by agreement as a fee, under Code Civ. Proc. N. Y. § 66, giving attorneys a lien on the cause of action of their client, not to be affected by any settlement; such statute not being applicable to actions in forma pauperis.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 189.*

Compensation of attorney on premature termination of employment, see note to Du Bois v. Mayor, etc., of City of New York, 69 C. C. A. 113.]

2. ADMIRALTY (§ 124*)—COSTS—DOCKET FEE.

A docket fee is not taxable in favor of a libelant in admiralty, unless the court has in some way passed on the merits of the controversy involved in the suit.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 841; Dec. Dig. § 124.*]

In Admiralty.

Wilford H. Smith, for libellant.
Percy S. Dudley, for Hamburg-American Co.

ADAMS, District Judge.  The libel herein was filed on the 5th of November, 1908, to recover damages for personal injuries suffered by the libellant through an accident occurring on the 1st of October, 1908, while he was engaged as a longshoreman assisting in the discharge at New York of the respondent's steamer Siberia.  The libellant had employed on the 28th of October, Wilford H. Smith, Esq., a proctor of this court, to represent him in a suit for damages, alleged to be $5,000, to be brought against the Packet Company, giving the said proctor full charge of the action, with authority to pursue the same to judgment or to compromise as to him should seem best, but without authority to compromise until the libellant should give his consent.  For his services in the matter the proctor was to receive fifty (50) per cent. of whatever sum should be recovered, no matter whether the action should be tried in court or compromised out of court.  The agreement also provided that the proctor should be entitled to all costs that might be awarded by the court.  It was further provided in the event of nothing being recovered that the said proctor should receive nothing for his services.  On the 29th of October, Mr. Smith wrote to the respondent advising it of the accident and that the notice was given under chapter 600, p. 1748, of the Laws of 1902 of the State of New York, known as the "Employer's Liability Act," and that an action would be brought against the respondent in this court, but in the event of the respondent wishing to take up the question of settlement, he was authorized to treat with it.  On the 31st of October this letter was answered by the respondent,

which stated it would investigate the matter and communicate with him again in a few days. Mr. Smith replied to this letter on the 5th of November, stating that so many cases had been settled over his head that he had made it a rule to bring actions in all cases immediately in order to protect his lien as attorney and he would do so in this case but without prejudice to the question of settlement. On the 16th of November, the last letter was answered by the proctor now appearing for the respondent, who stated that immediately after the report of the accident at the office, the pier superintendent was instructed to settle the case for a small amount; that the libel sent by Mr. Smith was received by the cashier on the morning of November 6th, during the absence from the office of the official in charge, and that, therefore, the order to make a settlement was not countermanded until late in the afternoon, at which time the said official was informed that a settlement had been effected about noon of that day by a payment to the libellant of $150. It was further said in that letter:

"Inasmuch as no process was issued out of the District Court in the case and served upon the defendant, it would seem that the settlement, although made after the actual receipt of a copy of the libel, was apparently proper and that you are not entitled to any costs in the matter."

It appears that with the libel, an affidavit of poverty was filed, entitling the libellant to proceed in forma pauperis and that the action was so commenced. Process was duly issued and served but on the return of process, no appearance was made for the respondent and its default was entered. Subsequently, upon the consent of Mr. Smith, the default was opened and the respondent entered its appearance by its present proctor, incurring some expense for disbursements. Then the respondent filed the following exception to the libel:

"The exception of the defendant, the Hamburg-American Packet Company, to the libel of Dennis O'Flaherty, libellant, alleges upon information and belief that on the 6th day of November, 1908, the said libellant, in consideration of one hundred and fifty dollars to him paid, released the said defendant from the cause of action set forth in the said libel; and therefore, the said defendant is not bound further to answer the same; and it further alleges that on or about the 16th day of November, 1908, and more than two weeks before the issuance of a citation herein out of this Court, the proctor for the libellant was duly informed that a settlement of said cause of action had been made by the libellant; and the defendant therefore prays that the said libel may be dismissed."

Thereafter Mr. Smith, in the name of the libellant, filed a petition by way of amendment to the libel, setting forth the foregoing facts and asking for an order determining his lien and compelling payment by the respondent "out of the sum paid by it to the libellant in settlement of this cause."

The questions to be determined are:

(1) Is Mr. Smith entitled to the relief he seeks, either as to his compensation or costs? and (2) should the libel be dismissed?

1. Mr. Smith relies upon section 66 of the New York Code of Civil Procedure. That provision is as follows:

"The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or special proceeding, or the service of an answer

containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come; and the lien can not be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

In Coughlin v. N. Y. C. & H. R. R. Co., 71 N. Y. 443, 27 Am. Rep. 75, an action to recover for personal injuries, it was held that a party having a cause of action, in its nature not assignable, can not by any agreement before judgment or a verdict, give his attorney any interest therein. There an attempt was made, after settlement with the plaintiff in person, to proceed with the action for the purpose of securing a contingent fee agreed upon between the plaintiff and his attorney. The referee found that the settlement was a bar to the action and that the attorney had no right to go on with it. This was reversed at the General Term but an appeal was taken to the Court of Appeals. There Judge Earl, in writing the opinion for the court, after speaking of the practice of courts to intervene to protect attorneys against settlements made to cheat them out of their costs and allow the suits to be continued for the purpose of collecting them, upon the theory that the services and skill of the attorney have procured the judgment therefor, said:

"A person owning a judgment for the recovery of money may give his attorney, or any other person, by agreement, rights and equitable interests therein, which the defendant therein charged with notice must respect. So if the cause of action before judgment be in its nature assignable, the owner of it may assign and, by agreement, create legal and equitable interests therein, and such agreements may now be made with his attorneys as well as with other persons, and when such interests have been created and notice given of them they must be respected. But what I maintain is, that before judgment, in the absence of any agreement, the attorney has not now and never had any lien upon, or interest in, the cause of action; and when the cause of action is like this, such as by its nature is not assignable, the party owning it cannot by any agreement give his attorney or other person any interest therein. In People v. Tioga C. P., 19 Wend. (N. Y.) 73, Cowen, J., said: 'Assignments of personal injuries must still be regarded as mere covenants or promises which we cannot directly protect against the interference of the immediate party, though the defendant have full notice of the effort to assign. If the person professing to assign will do prejudice to the right by extinguishing or impairing it, the party with whom he deals must be left to his action for damages according to the nature of the undertaking.' Mere personal torts of this kind cannot be separated from the person upon whom they are inflicted, and they die with him.

Here there was not even any agreement by plaintiff to assign any portion of the claim to his attorneys. The agreement executed did not purport to give them any present interest in the cause of the action. It was simply an executory agreement that the attorneys should share in the damages recovered, the cause of action remaining intact in the plaintiff. Still an agreement to divide the recovery in such a case would attach itself to the judgment when recovered, and give the attorney an equitable interest therein.

It is, therefore, beyond dispute that the plaintiff's attorneys had neither a legal nor equitable interest by way of any assignment or lien on the cause of action. The defendant was not asking any favor of the court. It was in court simply insisting upon its settlement with the plaintiff as a defense to his cause of action. Therefore, if the attorneys are entitled to the protection they now seek, it is only by the exercise of the extraordinary power of the

court to which I have first above alluded, and I am prepared to say that such power should not be exercised in a case like this. It has not been conferred upon the courts by statute, usage or common law."

The action of the referee was found to be right and his judgment was affirmed.

The courts have been careful to protect attorneys in the collection of their legitimate compensation and the Code as it existed at the time of the foregoing decision was amended until it appeared in the form it now stands and is quoted above. It has since been held that an attorney's lien thereunder attaches to a fund which is created by a settlement, so that a party who with actual or constructive notice of the lien pays the fund over to the other, does so at his peril and is liable to the attorney for the amount of his lien where he is unable to collect it from his client on account of his financial irresponsibility. Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395. And see Sullivan v. McCann, 124 App. Div. 126, 108 N. Y. Supp. 909.

It is urged by the respondent, however, that no matter how the right of an attorney in a state court might be determined, it is clear that this court, sitting in admiralty, has no jurisdiction to enforce a lien of this character, either against the libellant or against the respondent, even assuming that such a lien can be said to exist in a case like this, because it is growing out of a contract which could not by any stretching be said to be a maritime contract or one made under or pursuant to maritime law. It is further urged that the payment of money in settlement of a cause of action, which by its nature is purely personal and not assignable, is always made to the person owning such cause of action.

Passing these questions, it seems that the attorney of one who is suing as a poor person, especially in a personal injury case, is not entitled to the same protection as in ordinary cases, when costs and disbursements, in the event of non-success, are recoverable from the plaintiff. It is provided in section 460 of the N. Y. Code that when prosecution of a poor person is allowed, the attorney must act without compensation. He is allowed to recover costs (section 467) but otherwise is not entitled to any part of the recovery. And in the United States Statutes, it is provided (Act July 20, 1892, c. 209, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706]) that when one is allowed to sue as a poor person, the court may request any attorney of the court to represent such person. I think that the fact of this action being in forma pauperis is sufficient to exclude the proctor here from availing himself of the provision of section 66 of the Code, assuming that the other questions in the case should be answered in his favor.

It follows that there can be no allowance of Mr. Smith's claim for a judgment against the respondent for a portion of the amount of the settlement.

2. The recovery of the docket fee claimed can not be allowed because, in any event, it was not earned. It is now settled here that a docket fee is only recoverable where the court has in some way passed

upon the merits of the controversy involved in the action. Swan v. Wiley, Harker & Camp Co. (D. C.) 161 Fed. 236.

There is no further action of the court necessary in the matter and as the respondent's exception should be sustained, the libel is dismissed.