In the Matter of the Estate of PHILIP SPRINGER, Deceased.*

Surrogate's Court, Bronx County, January 18, 1933.

*Fred Jacobs*, for the contemner.

*Nathan Lieberman*, for the respondent.

HENDERSON, S.   This is an application to vacate an order of this court adjudging the movant to be in contempt of court and fining him the sum of $1,096.50, which sum was directed to be paid to the respondent, and to vacate a warrant of commitment issued out of this court.

The proceedings prior to the return on the order to show cause under consideration and pertinent to the issues raised herein are as follows: On May 18, 1928, a decree was made directing the movant, an executor herein, to pay to the respondent $1,000 for counsel fees. On April 4, 1929, a decree was entered adjudging this executor in contempt of court and fining him the sum of $1,096.50, to be paid to the respondent.   Thereafter, and before October, 1929, payments aggregating $500 were made by the movant to the respondent.   On October 1, 1929, a warrant of commitment was issued.   By a paper dated December 17, 1929, the respondent made an assignment of the balance remaining unpaid and due to him under the decree of May

* See, also, 140 Misc. 57.

18, 1928. On March 21, 1930, he filed a voluntary petition in bankruptcy. On August 15, 1931, the assignment was filed in this court. On September 8, 1932, the warrant of commitment was delivered to the sheriff of New York county. On December 13, 1932, the movant was taken into custody by the sheriff pursuant to the warrant. On December 14, 1932, a writ of habeas corpus was issued by a Supreme Court justice, and upon the return of the writ on December 15, 1932, the executor was paroled in the custody of his counsel and the proceeding adjourned pending this determination.

The contempt here consisted in failing to perform an act which the contemner was ordered to do by the court for the benefit and advantage of another party to the proceeding before the court. Contempts of court are classified as either civil or criminal. This contempt was not against the dignity of the court. The party in whose behalf the decree was made is the one aggrieved, and the object of the decree adjudging the movant in contempt is only to compel the performance of the act which such party has been found to be entitled to have performed, and comes within the classification of a civil contempt. (*People ex rel. Munsell* v. *Court of Oyer & Terminer*, 101 N. Y. 245; *Eastern C. S. Co.* v. *B. & M. P. I. U. Local No. 45*, 200 App. Div. 714.)

At the time the warrant of commitment was delivered to the sheriff the party to the original proceeding was no longer entitled to the payment required by the decree, by reason of the assignment. (*People ex rel. Gaynor* v. *McKane*, 78 Hun, 154, 160.) The contemner after complying with the decree of the court is no longer in contempt. It follows, therefore, that where the private party interested in the enforcement of the decree has by his own act made compliance with such decree legally impossible, the contemner is no longer in contempt.

The respondent, an attorney, urges that he is acting for his assignee. Section 753 of the Judiciary Law provides that the court has power to punish where " a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced." The assignee was not a party to the proceeding upon which the contempt proceedings were based. The movant is not in contempt for not paying money to a person other than the one to whom it is payable according to the terms of the decree. The right to enforce the decree by punishment for contempt is a personal one, and is incapable of assignment.

As the decree adjudging the executor in contempt was duly made and the warrant of commitment properly issued, the relief requested will not be granted. However, as the respondent no longer has any interest in the enforcement of the decree of May 18, 1928,

and the decree adjudging the movant in contempt of court dated April 4, 1929, the action of the respondent in securing the execution of the warrant of commitment dated October 1, 1929, and issued upon the said decree of April 4, 1929, was improper and the movant will be discharged from custody. Settle order.