In the Matter of the Application of JOSEPH B. FINKELSTEIN, Petitioner, to Enforce an Attorney's Lien, etc., as against MARY EVANGELDES, etc., Respondent.

Supreme Court, Special Term, New York County, February 20. 1941.

*Benjamin Zucker*, for the petitioner.

*Charles Neill*, for the respondent.

EDER, J. Motion to punish Mary Evangelides, as administratrix of the estate of Angelike Casino, deceased, is denied. The movant instituted a special proceeding, under section 475 of the Judiciary Law, to enforce his attorney's lien affecting certain funds in possession of the alleged contemner, individually and as administratrix *de bonis non* of the estate of said named decedent, and to direct her to pay to movant the sum of $125 for legal services rendered to five named persons as heirs at law of the decedent pursuant to an assignment executed by them to the movant out of the proceeds of their distributive shares of the estate of said decedent. The assignment further authorized the said administratrix to make such payments to be charged against their respective interests. An order was made on said application granting the motion and further provided as follows: " Ordered, that Mary Evangelides, Administratrix d. b. n. of the Estate of Angelike Casino, Deceased, is hereby ordered and directed to pay unto Joseph B. Finkelstein, the petitioner herein, the sum of $125.00, pursuant to the terms of the assignment of July 24th, 1940, within two days from the date of the service of a copy of this order and notice of entry thereof upon Charles Neill, her attorney."

The legal effect of this provision, if it is valid, is merely a final judgment directing the respondent herein to pay the movant a sum of money, in which she is indebted to the defendant. If enforcible at all, it is by execution, or perhaps by application to the surrogate. Since the application was made under section 475 of the Judiciary Law, attention may be directed to the feature that the limit of authority of the court under this section is to determine and enforce the lien and that it cannot order the entry of a personal judgment (*Matter of Wellman* v. *Lipkind,* 226 App. Div. 106); that a judgment in favor of the attorney is not authorized, but that the determination should be in the form of an order adjudging that the attorney has a lien for a certain sum, the collection of which should be enforced as provided by section 779 of the Code of Civil Procedure, now section 1520 of the Civil Practice Act. (*Sullivan* v. *McCann,* 124 App. Div. 126.) It is, therefore, very doubtful that the failure to comply with the order would constitute a contempt.

For the purposes of this motion I shall assume that the order was properly made in its present form under section 475 of the Judiciary Law; even so, it is not enforcible by contempt, but is a judgment, docketable and exclusively enforcible by execution. (*Harris* v. *Elliott,* 163 N. Y. 269, 272.) I have recently had occasion to consider the question of enforcement of orders for the payment of money by contempt proceedings and have pointed out that where

payment is enforcible by execution, as here, if the order is valid, such is the sole remedy. (*Robins* v. *Robins*, 175 Misc. 669.) *Matter of Springer* (146 Misc. 445; affd., 238 App. Div. 305), relied on by the movant, is inapplicable; a different state of facts was involved. For the reasons stated, the motion is denied.